UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
  UNITED STATES OF AMERICA
                                                    :
         - v. -
                                                    :     20 Cr. 538 (PGG)
  DONNELL RUSSELL,
  a/k/a "Colon Dunn,"                               :

              Defendant.                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**


                                    DAMIAN WILLIAMS
                                    United States Attorney for the
                                    Southern District of New York
                                    One St. Andrew's Plaza
                                    New York, New York 10007


Peter J. Davis
Lara Pomerantz
Assistant United States Attorneys
-Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
UNITED STATES OF AMERICA
                                                        :
         - v. -
                                                        :     20 Cr. 538 (PGG)
DONNELL RUSSELL,
a/k/a "Colon Dunn,"                                     :

                              Defendant.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROPOSED EXAMINATION OF PROSPECTIVE JURORS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## The Charges

1.      This is a criminal case. The defendant, Donnell Russell, has been charged in an Indictment returned by a grand jury sitting in this District with violating federal laws. The Indictment is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.

2.      Those of you who are selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I will briefly summarize the charges in this case

now in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for you to serve on the jury.

3.      The Indictment contains two counts, or "charges," that you are going to consider. Count One charges that on or about December 4, 2018, the defendant conspired with others to transmit a threatening communication in interstate commerce, specifically to place an interstate telephone call to threaten physical harm to those attending a December 4, 2018 screening of the documentary series entitled "Surviving R. Kelly" at a venue in New York, New York called NeueHouse Madison Square. Count Two charges that on or about December 4, 2018, the defendant transmitted a threatening communication in interstate commerce, specifically, the defendant placed an interstate telephone call to threaten physical harm to those attending a December 4, 2018 screening of the documentary series entitled "Surviving R. Kelly" at a venue in New York, New York called NeueHouse Madison Square.

4.      We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

5.      With that in mind, do you have any personal knowledge of the facts or the charges in this case as I have described them to you? Have you heard or read anything about this case or the defendant? If so, is there anything you read or heard that would cause you to feel that you cannot be fair and impartial? (If so, we respectfully request that the Court speak with the

prospective juror privately to find out what they read and then ask them if it would cause them to feel that they cannot decide the case fairly and impartially.)

6.  Do any of you feel, for any reason, that you could not view a case involving the charges as I described, in a fair and impartial manner?

7.  As I stated, the charges in this case involve alleged violations of a law prohibiting the making of interstate threats to injure or physically harm another person. Is there anything about the nature of these charges that would cause you to be unable to render a fair and impartial verdict in this case?

8.  Do you have any opinion about the enforcement of federal laws that might prevent you from being fair and impartial in this case? Do you believe that the crimes charged in the Indictment, as I have described them to you, should not be illegal or that such laws should not be enforced? Do you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

9.  This case involves and/or may reference Robert Sylvester Kelly, better known as R. Kelly. Do you have any opinion about R. Kelly that might prevent you from being fair and impartial in this case?

10.  Have you watched or heard any interviews of R. Kelly, or any TV shows featuring him, or any specials or documentaries about him? Would that prevent you from being fair and impartial in this case?

11.  Have you or a friend or family member ever been accused of sexual harassment, sexual abuse, or sexual assault? Would that prevent you from being fair and impartial in this case?

12. Have you or a friend or family member ever been the victim of sexual harassment, sexual abuse, or sexual assault? Would that prevent you from being fair and impartial in this case?[1]

13. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

14. Do you have any difficulty understanding or reading English?

15. Do you have any special medical problems or take any medications that might interfere with your service as a juror in this case?

16. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

17. After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case should last approximately one week. Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for the juror to serve?

## The Parties, Witnesses, and Locations

18. The Government is represented here by the United States Attorney for the Southern District of New York, who is Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Peter Davis and Lara Pomerantz. They will be assisted by Special Agent Margaret Girard of the Federal Bureau of Investigation, and by Victoria Bosah and Julia Gutierrez, paralegals in the U.S. Attorney's Office. Do you know, or have you had any dealings, either directly or indirectly, with any of these individuals?

---

[1] In asking the questions in numbers 11 and 12, the Government respectfully requests that the Court inform jurors that they can provide responses at side bar.

19. As I stated, the defendant in this case is Donnell Russell. Do you know, or have you had any dealings, either directly or indirectly, with the defendant or with any relative, friend or associate of the defendant?

20. Mr. Russell is represented by Michael Freedman. Do you know, or have you had any dealings, either directly or indirectly, with Mr. Freedman?

21. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

[*Names to be supplied*]

Do any of you know any of those people? Have you had any dealings, directly or indirectly, with any of these individuals? To your knowledge, have any of your relatives, friends, or associates had any dealings with any of these individuals?

22. Events in this case took place at the following locations:

*[List to be supplied]*

Are any of you particularly familiar with any of those locations?

23. Do you, or your relatives or close friends, work in law, law enforcement, the justice system, the courts, or any correctional institution, jail, or penitentiary? In what capacity? Has any of you had any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case?

24. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Federal Bureau of Investigation?

25. Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

### Prior Jury Service

26. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Without telling us what the verdict was, did the jury reach a verdict?

27. Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

28. For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

29. Have you, or has any relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so, what kind of case? And, what was your role in that case? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

30. Have you or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

31. Have you, or has any relative or close friend, ever been subpoenaed for any inquiry or investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

32. Have you, or has any relative or close friend, ever been arrested or charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? Again, if you would prefer not to give your answer in open court, please say so.

33. Have you, or has any relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

34. Has any juror, or any of your relatives or close friends, ever been a victim of a crime? If you would feel uncomfortable answering this question in open court, please say so and we can follow up at the sidebar. If you answer yes, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

35. Have you, or has any member of your family or any of your close friends—either as individuals or in the course of their business affairs—ever been a party to a legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the United States Attorney's Office or the FBI, or the NYPD? Have any of you had any legal, financial, or other interest in any such legal action or dispute or its outcome? Have you, or has any member of your family, ever had such a dispute concerning

money owed to you by the government or owed by you to the government? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

### Views on Certain Witnesses, Investigative Techniques, and Evidence

36. The witnesses in this case will include law enforcement witnesses. A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

37. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. The Court will instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do you have any feelings or opinions about searches conducted by law enforcement officers, or the use of evidence obtained from searches, that would affect your ability to be fair and impartial in this case?

38. Some of the evidence in this trial may come in the form of social media messages and videos sent and posted by the defendant and others over the internet. I also instruct you that this type of evidence does not violate the rights of the defendant, and it is perfectly proper for this type of evidence to be introduced at trial for your consideration. With that in mind, do you have any feelings about the use of such online communications that would make it difficult for you to consider such evidence fairly and impartially at trial?

39. You also may hear testimony in this case from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would affect your ability to be fair and impartial in this case?

40. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

41. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

42. You may hear evidence in this trial of criminal activity committed by people other than the defendant. The defendant is charged with acting with others in the commission of the charged crimes. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, toward the government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there anyone who cannot follow this instruction or who for this reason could have difficulty rendering a fair and impartial verdict?

## Function of the Court and Jury

43. The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

44. Will each juror accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

45. Will each of you accept the proposition that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence presented here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?

46. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

47. Does any juror have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict in a criminal case?

48. I have tried to direct your attention in these questions and through the questionnaire you filled out to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

49. If you are chosen to serve as a juror in this case, the Court will order you not to read, listen to, or watch any accounts of this case reported on television, the radio, or over the Internet or social media. Jurors are also not allowed to do any research regarding this case, whether over the Internet, on social media or in any other manner. The case must be decided

solely on the basis of the evidence presented in the courtroom. Would you have any difficulty following these rules, which are binding on every juror?

## **Questions for Individual Jurors**

50. The Government respectfully requests that the Court ask each juror to provide the following information:

    a. the juror's age;

    b. the neighborhood in which the juror resides and any other area the juror has resided during the last ten years;

    c. the educational background of the juror, including the highest degree obtained;

    d. the juror's occupation;

    e. the name and general location of the juror's employer, and the period of employment with that employer;

    f. the same information concerning other employment within the last five years;

    g. the same employment information with respect to the juror's significant other and any working children or member of the juror's household;

    h. newspapers, magazines, television media, podcasts, and internet news sources the juror reads and how often;

    i. websites that the juror reads and/or posts comments or information on;

    j. the television shows that the juror typically watches and or radio programs the juror regularly listens to;

    k. the juror's hobbies and leisure-time activities; and

    l. whether the juror is a member of any clubs or organizations.

### **Requested Instruction Following Impaneling of the Jury**

51.     From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other people who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family and your friends. It also extends to any postings that you may make to social media, and I instruct you now that you are not to use Twitter, Facebook, Instagram, Snapchat, a personal blog, or any other form of social media to post anything related to this trial until after you have returned a verdict.

52.     If at any time during the course of this trial any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly and pursuant to the Court's instructions by doing so.

53.     [Per the suggestion of the court of appeals in *United States v. Ganias*, 755 F.3d 125, 132-33 (2d Cir. 2014), *vacated on other grounds*, 824 F.3d 199 (2d Cir. 2016) (en banc)]: I know that many of you use cell phones, Blackberries, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, iPhone, Blackberry, text messaging, e-mail, social

media websites or applications (including Facebook, Instagram, Twitter, LinkedIn, YouTube), blogs, websites, internet chat rooms, or by other means.

54. Finally, if anything should happen involving any of you that is of an unusual nature, or that you think is something the Court should be told about, please do not discuss it with any other juror. Simply give my clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. I make these remarks without expecting anything unusual or improper to happen. It is just safer to take the precaution of alerting you in advance.

Date:   New York, New York
       June 27, 2022

                              Respectfully Submitted,

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York

                By:      s/
                              Peter J. Davis
                              Lara Pomerantz
                              Assistant United States Attorneys