UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

UNITED STATES OF AMERICA

                                         :

        - v. -

                                           :     20 Cr. 538 (PGG)

DONNELL RUSSELL,
  a/k/a "Colon Dunn,"

                                     :

                        Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## THE GOVERNMENT'S REQUESTS TO CHARGE

 

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
Attorney for the United States of America

Peter J. Davis
Lara Pomerantz
Assistant United States Attorneys
    - Of Counsel -

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury

b. Statements of Court and Counsel Not Evidence

c. Rulings on Evidence and Objections

d. Burden of Proof and Presumption of Innocence

e. Jury's Recollection Controls

f. Reasonable Doubt

g. Government Treated Like Any Other Party

h. Duty to Base Verdict on Evidence

i. Definitions and Examples of Direct and Circumstantial Evidence

j. Inferences

k. Credibility of Witnesses and Evaluation of Testimony

l. Rulings on Evidence and Objections

m. Right to See Exhibits and Have Testimony Read During Deliberations

n. Sympathy: Oath as Jurors

o. Punishment Is Not to Be Considered by the Jury

p. Verdict of Guilt or Innocence Must be Unanimous

q. Duties of the Foreperson and Return of Verdict Form

# REQUEST NO. 1.

## The Indictment

The defendant, Donnell Russell, is formally charged in a document called an indictment. An indictment is simply an accusation. It is neither evidence, nor proof of a defendant's guilt.

The Indictment charges the defendant with two counts: one count of conspiring to transmit a threatening communication in interstate commerce; and one count of transmitting a threatening communication in interstate commerce. I am not going to read the entire indictment to you at this time. I will first summarize the offenses charged in the Indictment, and then I will explain in detail the elements of the two offenses.

Count One charges the defendant with conspiring to transmit in interstate commerce a communication containing a threat to injure the person of another, specifically the defendant agreed with others to place an interstate call threatening the people attending a December 4, 2018 screening of the documentary series entitled "Surviving R. Kelly," at a venue in New York, New York called NeueHouse Madison Square.

Count Two charges the defendant with transmitting in interstate commerce a communication containing a threat to injure the person of another, specifically, the defendant placed an interstate call threatening people attending a December 4, 2018 screening of the documentary series entitled "Surviving R. Kelly," at a venue in New York, New York called NeueHouse Madison Square.

You must consider each count separately and return a separate verdict on each count.

The burden is on the Government to prove the defendant guilty on each charge beyond a reasonable doubt.

I will now explain each of the counts in the Indictment in more detail, and the rules of law that relate to these offenses.[1]

---

[1] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021).

# REQUEST NO. 2.

## Count Two

### *Elements of the Offense*

As I have explained, Count Two charges the defendant with transmitting a threatening communication in interstate commerce. Specifically, Count Two charges that on or about December 4, 2018, the defendant placed an interstate telephone call threatening physical harm to those attending the screening of the documentary series entitled "Surviving R. Kelly," at a venue in New York, New York called NeueHouse Madison Square, and aided and abetted the same.

The relevant statute for Count Two is Title 18, United States Code, Section 875(c), which provides that "[w]hoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another," is guilty of a federal crime. In order to prove the defendant guilty of Count Two, the Government must establish the following three elements beyond a reasonable doubt:

First, that the defendant threatened to injure another person, as charged in the Indictment;

Second, that the threat was transmitted in interstate commerce; and

Third, that the defendant transmitted the threat knowingly and intentionally.[2]

---

[2] Adapted from the charges of the Hon. Vincent L. Briccetti in *United States v. Christopher Von Stein*, 17 Cr. 341 (S.D.N.Y. 2018), and the Hon. Nelson S. Román in *United States v. Mundle*, 15 Cr. 315 (S.D.N.Y. 2016); Sand, Modern Federal Jury Instructions, Instruction 31-7; *see also United States v. Jordan*, 2009 WL 2999753, at *5-7 (S.D.N.Y. Aug. 21, 2009) (rejecting duplicity argument, in part, on the basis that jury was instructed that they must unanimously agree on at least one threat that satisfies all three elements of a Section 875(c) violation).

**Count Two**

***First Element***

For Count Two, the first element the Government must establish beyond a reasonable doubt is that the words communicated by the defendant were a threat, as I will define that term for you.

A threat is a serious statement expressing an intention to inflict bodily injury at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to inflict bodily injury. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

Now, direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard the statement.

It is not necessary that the Government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out in the future. The defendant's statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.[3]

---

[3] Adapted from the charges of the Hon. Vincent L. Briccetti in *United States v. Christopher Von Stein*, 17 Cr. 341 (S.D.N.Y. 2018), and the Hon. Nelson S. Román in *United States v. Mundle*, 15 Cr. 315 (S.D.N.Y. 2016); Sand, Modern Federal Jury Instructions, Instr. 31-8; *see also Elonis v. United States*, 575 U.S. 723, 732 (2015).

# REQUEST NO. 4.

## Count Two

### *Second Element*

For Count Two, the second element the Government must prove beyond a reasonable doubt is that the threat was transmitted in interstate commerce.

To establish this element, the Government must prove that the communication passed between two or more states as, for example, a telephone call between New York and another state. Accordingly, this element may be satisfied if the defendant used a facility of interstate commerce, such as a telephone, to transmit the communication to another state or to a foreign country.

The Government is not required to prove that the defendant knew that the threat would be transmitted across state lines.[4]

---

[4] Adapted from the charges of the Hon. Vincent L. Briccetti in *United States v. Christopher Von Stein*, 17 Cr. 341 (S.D.N.Y. 2018), and the Hon. Nelson S. Román in *United States v. Mundle*, 15 Cr. 315 (S.D.N.Y. 2016); Sand, Modern Federal Jury Instructions, Instr. 31-9.

## REQUEST NO. 5.

### Count Two

### *Third Element*

For Count Two, the third element the Government must establish beyond a reasonable doubt is that the defendant transmitted the threat knowingly and intentionally.

To establish this element, the Government must prove that the defendant knowingly and intentionally communicated the charged threat, and that this transmission did not occur by accident, mistake, or negligence. To establish this element, the Government must prove that the defendant intended the communication to be received by its recipient as a threat or knew that the statement would be viewed as a threat. I have previously explained how a person's intent may be established. That explanation applies here as well.

The Government is not required to prove that the defendant actually intended to carry out the threat.[5]

---

[5] Adapted from the charges of the Hon. Vincent L. Briccetti in *United States v. Christopher Von Stein*, 17 Cr. 341 (S.D.N.Y. 2018), and the Hon. Nelson S. Roman in *United States v. Mundle*, 15 Cr. 315 (S.D.N.Y. 2016); Sand, Modern Federal Jury Instructions, Instr. 31-10; *see also Elonis v. United States*, 575 U.S. 723, 732 (2015).

# REQUEST NO. 6.

## Count Two

### *Aiding and Abetting*

In connection with Count Two, the defendant is charged with committing certain criminal acts, and also with aiding and abetting the commission of those acts. A defendant can be convicted either if he committed the crime himself or if he aided and abetted the commission of the crime by one or more people. It is not necessary for the Government to show that the defendant himself physically committed a crime in order for you to find him guilty. If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

In other words, it is not necessary for the Government to show that the defendant himself physically committed the crime charged in order for you to find him guilty. This is because a person who aids and abets another to commit an offense is just as guilty of that offense as if he

had committed it himself. Therefore, you may find the defendant guilty of the offense charged in Count Two if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided and abetted that person in the commission of the offense.

Additionally, a defendant may aid and abet a crime collectively committed by two or more people, including the defendant himself. The division of labor between two or more people committing a crime has no significance: A strategy of "you take that element, I'll take this one" would free neither party from criminal liability. Thus, even if no one individual has personally committed, or even assisted with, all elements of the offense, if you find that the Government has proven beyond a reasonable doubt that the defendant and one or more other people collectively committed all of the elements of the offense, and the defendant has the requisite intent, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that the crime charged was committed. Obviously, no one can be convicted of aiding and abetting a crime if no crime was committed. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime and that he willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding

and abetting. An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

1.      Did the defendant participate in the crime charged as something he wished to bring about?

2.      Did the defendant associate himself with the criminal venture knowingly and willfully?

3.      Did the defendant seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor and is not guilty under that theory.[6]

---

[6] Adapted from Sand, Modern Federal Jury Instructions, Instrs. 11-1 and 11-2; the charges of the Honorable Alison J. Nathan in *United States v. Allen*, 15 Cr. 95 (AJN) (S.D.N.Y. 2017), the Honorable Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013), and the Honorable Sidney H. Stein in *United States v. Roger Key*, 12 Cr. 712 (S.D.N.Y. 2014); and *United States v. Rosemond*, 134 S. Ct. 1240 (2014).

## REQUEST NO. 7.

### Count One
### *Conspiracy*

Count One of the Indictment charges the defendant with participating in a conspiracy. Specifically, Count One charges the defendant with participating in a conspiracy to transmit a communication in interstate commerce containing a threat against people attending a December 4, 2018 screening of the documentary series entitled "Surviving R. Kelly," at a venue in New York, New York called NeueHouse Madison Square.

The relevant statute for Count One is Title 18, United States Code, Section 371, which provides that "if two or more people conspire [] to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy," each person is guilty of a federal crime.

The object of the conspiracy charged in Count One of the Indictment is to make a threatening interstate communication in violation of Section 875(c) of Title 18 of the United States Code, which is the statute charged in Count Two of the Indictment. I have already reviewed the elements of that offense in connection with Count Two.

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish an unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal law, which the law refers to as a "substantive crime." The crime of conspiracy is complete once the unlawful agreement is made, the defendant enters into it, and an overt act occurs.

If a conspiracy exists, even if it should fail in its purpose or if achieving its purpose was impossible, it is still punishable as a crime. Indeed, you may find the defendant guilty of conspiracy

to commit an offense even though the substantive crime or crimes which were the object of the conspiracy were not actually committed, were not successful, or were impossible to achieve.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime. This is because collective criminal activity is believed to pose a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.[7]

---

[7] Adapted from Sand, *Modern Federal Jury Instructions*, Instructions ("Instrs.") 19-19-2. *See United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if collaborators do not reach their goal."); *United States v. Tejada*, 956 F.2d 1256, 1264 (2d Cir. 1992) (quoting *Labat*); *United States v. Williams*, 553 U.S. 285, 300 (2008) ("As with other inchoate crimes—attempt and conspiracy, for example— impossibility of completing the crime because the facts were not as the defendant believed is not a defense."); *United States v. Trapilo*, 130 F.3d 547, 552 n.9 (2d Cir. 1997) ("Where . . . an indictment alleges conspiracy, legal affords a conspirator no defense."); Sand, *Modern Federal Jury Instructions*, Instr. 19-10.1 ("It is not a defense to a conspiracy charge that the object of the conspiracy could not be achieved because of circumstances that the conspirators did not know about. Thus, you may find the defendants guilty of conspiracy even though it was impossible for them to carry out their plan successfully.").

## REQUEST NO. 8.

### Count One

### *Elements of the Offense*

To sustain its burden of proof with respect to the charged conspiracy, the Government must establish beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate one or more laws of the United States;

Second, that the defendant knowingly and willfully became a member of the conspiracy you are considering; and

Third, that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy that you are considering during the life of that conspiracy.[8]

---

[8] Adapted from the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, *Modern Federal Jury Instructions*, Instr. 19-3; *see also United States v. Maldonado-Rivera*, 922 F.2d 961-62 (2d Cir. 1990) (setting forth three elements of conspiracy as noted above).

## Count One

### *First Element*

Starting with the first element, a conspiracy is a combination or agreement or understanding of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose. In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One was transmitting a threatening communication in interstate commerce.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

The conspiracy alleged here is the agreement to commit the crime, and it is an entirely distinct and separate offense from the actual commission of the crime.

To prove a conspiracy, the Government is not required to show that individuals sat around a table and entered into a solemn pact, orally or in writing, or any express or formal agreement stating that they have formed a conspiracy to violate the law. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense tells you that when people in fact undertake to enter into a criminal conspiracy, a great deal is left to unexpressed understanding. From its very nature, a conspiracy is almost invariably secret in its origin and execution. Conspirators do not usually reduce their agreements to writing or acknowledge them in front of a notary public; nor do they normally

publicly broadcast their plans. Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy. You may find the existence of an agreement to commit an unlawful act has been established by direct proof, but it is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In determining whether there has been an unlawful agreement, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. The adage "actions speak louder than words" is applicable here. Often, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, those acts are capable of showing a conspiracy or agreement as conclusively as would more direct proof.

Of course, proof concerning the accomplishment of the object of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In deciding whether the alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the

relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators in the conspiracy met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

Further, although the Indictment charges that the conspiracy existed on or about December 4, 2018, it is not essential that the Government prove that the conspiracy in question started and ended on those specific dates or that it existed throughout that entire period. Rather, it is sufficient to satisfy the first element if you find that in fact the charged conspiracy was formed and that it existed for any time within the charged period.

### *Liability for Acts and Declarations of Co-Conspirators*

So, first you must determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged. In considering the first element of conspiracy generally, you will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government alleges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators

in carrying out the conspiracy.

Therefore, the reasonably foreseeable, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and/or without his knowledge.[9]

---

[9] Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 865-69).

**REQUEST NO. 10.**

**Object of the Conspiracy**

The object or objects of a conspiracy is the illegal goal or goals that the co-conspirators agree or hope to achieve. The Indictment here charges that the conspiracy alleged had the object of transmitting a threatening communication in interstate commerce, specifically the placement of an interstate telephone call to threaten physical harm to those attending the December 4, 2018 screening of the documentary series entitled "Surviving R. Kelly," at a venue in New York, New York. I have already described the law with respect to the object of the charged conspiracy in connection with Count Two.[10]

---

[10] Adapted from the charges of the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); the Hon. Denise L. Cote in *United States v. Enrique*, 04 Cr. 431 (S.D.N.Y. 2004); the Hon. Loretta A. Preska in *United States v. Almonte*, 96 Cr. 916 (S.D.N.Y. 1997), and Sand, *Modern Federal Jury Instructions*, Instr. 19-4. *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted*); United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement); *United States v. Berger*, 224 F.3d 107, 113 (2d Cir.2000) ("The district court was correct as a matter of law to charge that the government needed only to prove agreement on one of the objectives charged in the indictment in order to establish that a conspiracy existed.").

## REQUEST NO. 11.

### Count One

### *Second Element*

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy you are considering existed, then you must next determine the second question: Whether the defendant participated in that conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose, and that he agreed to take part in the conspiracy to promote and cooperate in furtherance of its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy in which he is charged, that the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily. The key question is whether the defendant joined the relevant conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

"Unlawfully" simply means contrary to law. A defendant need not have known that he was breaking any particular law or any particular rule. A defendant need only have been aware of the generally unlawful nature of his or her acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving a defendant or in his or her presence. You may consider this evidence in determining whether the Government has proven beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the charged conspiracy.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of a conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of a conspiracy or all of the activities of all of its participants. It is not even necessary for a defendant to know every other member of a conspiracy. In fact, a defendant may know only one other member of a conspiracy and still be a co-conspirator.

Nor is it necessary that a defendant received any monetary benefit from his participation in the conspiracy that you are considering, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether a defendant was a member of the conspiracy.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt. He need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in

the scheme. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of a conspiracy does not make that person a member of that conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participate in the conspiracy that you are considering with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives. It is not required that the Government show that the co-conspirators also knew that they were violating some particular federal statute.

The question of a co-conspirator's intent is a question of fact that you are called upon to decide, just as you determine any other fact at issue. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. A defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found

to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself or herself from it.[11]

---

[11] Adapted from the charges of the Honorable Alison J. Nathan in *United States v. Pizarro et al.*, 17 Cr. 151 (AJN) (S.D.N.Y. 2018); Honorable Richard M. Berman in *United States v. Sharpe*, S2 15 Cr. 288 (RMB) (S.D.N.Y. 2017); the Honorable Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Honorable Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Honorable John F. Keenan, *United States v. Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

**REQUEST NO. 12.**

## Count One

### *Third Element*

The third element of the conspiracy charged is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy that you are considering by at least one of the coconspirators—not necessarily the defendant.

The purpose of the overt act requirement is that there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. In other words, the Government must show that the agreement went beyond the mere talking stage. It must show that at least one of the conspirators actually did something in furtherance of the conspiracy.

With respect to the overt acts for Count One, the Indictment reads as follows: [The Court is respectfully requested to read the overt acts listed under Count One of the Indictment].

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove any of the overt acts alleged in the Indictment. Indeed, you might find that overt acts were committed which were not alleged at all in the Indictment. In short, it is sufficient for the Government to show that the defendant, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.

In that regard, you should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

In addition, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a

step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or an objective of the conspiracy.[12]

---

[12] Adapted from the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand et al., *Modern Federal Jury Instructions*, Instr. 19-7 and 19-8; *see United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant. We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)); *United States v. Salmonese*, 352 F.3d 608, 615 (2d Cir. 2003) ("the well established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); *United States v. Provenzano*, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), *cert. denied*, 446 U.S. 953 (1980).

# REQUEST NO. 13.

## Venue

In addition to proving the essential elements of each crime charged beyond a reasonable doubt, the Government must also establish, as to each charge, what is called venue; in other words, that some act in furtherance of the charge you're considering occurred in the Southern District of New York. The Southern District of New York includes all of Manhattan and the Bronx.

It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York as I have described it to you. In this regard, the Government need not prove that the entire crime charged was committed in the Southern District of New York. Venue can be proper even if a defendant never sets foot in the district in question but instead made a telephone call to and/or from an individual in that district as a part of the offense.

Unlike the elements of the offenses that I've talked about at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence, as distinguished from beyond a reasonable doubt. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely than not true. If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty on that count.[13]

---

[13] Adapted from the charges of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021); the Hon. Vincent L. Briccetti in *United States v. Christopher Von Stein*, 17 Cr. 341 (S.D.N.Y. 2018); the Hon. Alvin K. Hellerstein in *United States v. Kloszewski*, 16 Cr. 200 (AKH), Dkt. 200 (S.D.N.Y. July 7, 2017); the Hon. Colleen McMahon in *United States v. Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010); Sand, Modern Federal Jury Instructions, Instr. 3-11; *United States v. Rommy*, 506 F.3d 108, 122-23 (2d Cir. 2007); *United States v. Gonzalez*, No. 10-00824, 2011 WL 500502, at *3 (N.D. Cal. 2011).

**REQUEST NO. 14.**

**Variance in Dates**

The Indictment charges that things occurred on or about a particular date. It does not matter if the evidence at trial indicates that a particular act occurred on a particular date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.[14]

_____

[14] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021).

**REQUEST NO. 15.**

**Particular Investigative Techniques Not Required**

*[If Applicable]*

You may have heard reference to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.[15]

---

[15] Adapted from the charge of the Hon. Alvin K. Hellerstein in *United States v. Kloszewski*, 16 Cr. 200 (AKH), Dkt. 200 (S.D.N.Y. July 7, 2017).

**REQUEST NO. 16.**

**Charts and Summaries**

[*If Applicable*]

There have been some charts that came in the form of summaries. I admitted those charts or summaries to save time and avoid unnecessary inconvenience. You should consider them as you would any other evidence.[16]

---

[16] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021); Sand, Modern Federal Jury Instructions, Instr. 5-12.

## REQUEST NO. 17.

### Testimony of Law Enforcement Officers and Government Employee Witnesses

*[If Applicable]*

You have heard testimony of law enforcement officers and employees of the Government. The fact that a witness is in law enforcement or a Government employee does not mean that his or her testimony is entitled to any more or any less weight than the testimony of anybody else.

At the same time, defense counsel is allowed to try to attack the credibility of such a witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give that testimony the weight you find it deserves.[17]

---

[17] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021); Sand, Modern Federal Jury Instructions, Instr. 7-16.

**REQUEST NO. 18.**

**Testimony of Experts**

[*If Applicable*]

You have heard testimony from what we call [an] expert witness[es]. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert is not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert is outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in relying on his or her testimony.[18]

---

[18] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1151 (S.D.N.Y. 2021); the Hon. Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); and the Hon. Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (S.D.N.Y. 1991).

**REQUEST NO. 19.**

**Stipulations**

[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you, however, to determine the effect to be given to that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.[19]

---

[19] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021), and the Hon. Alvin K. Hellerstein in *United States v. Kloszewski*, 16 Cr. 200 (AKH), Dkt. 200 (S.D.N.Y. July 7, 2017); *see also* Sand, Modern Federal Jury Instructions, Instr. 5-6 and 5–7.

<u>**REQUEST NO. 20.**</u>

**Preparation of Witnesses**

[*If Applicable*]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have an opportunity to review relevant exhibits before being questioned about them.

Among other things, this sort of consultation helps conserve your time and my time. Indeed, it would be very unusual and very surprising for a lawyer to call a witness without such consultation—provided, of course, that the witness is willing to talk to them. The weight you give to the fact or the nature of a witness's preparation for testimony, and what inferences you draw from that, are matters completely within your discretion.[20]

---

[20] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021).

## REQUEST NO. 21.

### Persons Not On Trial

Some of the people who may have been involved in the events leading to this trial are not on trial. You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.[21]

---

[21] Adapted from the charges of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308 (S.D.N.Y. 2021); and the Hon. Alvin K. Hellerstein in *United States v. Kloszewski*, 16 Cr. 200 (AKH), Dkt. 200 (S.D.N.Y. July 7, 2017).

## REQUEST NO. 22.

### Uncalled Witnesses—Equally Available

There are several people whose names you have heard during the course of the trial who did not appear as witnesses. I instruct you that both sides had an equal opportunity, or lack of opportunity, to call any of them. Therefore, you should not draw any inference or reach any conclusions as to what they would have said had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the defendant is not obliged, in a criminal case, to call any witnesses or produce any evidence.[22]

---

[22] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021).

**REQUEST NO. 23.**

**Evidence Obtained Searches**

You heard testimony about evidence that was seized in connection with certain searches or seizures conducted by law enforcement, and, in particular, of electronic evidence obtained pursuant to court-approved search warrants. All of the evidence in this case, including the evidence obtained pursuant to those searches, was lawfully obtained, nobody's rights were violated, and the Government's use of that evidence was completely lawful. Whether you approve or disapprove of the use of searches to obtain evidence should not enter into your deliberations. I instruct you that the Government's use of that evidence is perfectly proper and lawful.

Therefore, you're obliged to give that evidence your full consideration, along with all the other evidence in the case, as you determine whether the Government has proved its case, count by count, beyond a reasonable doubt. However, as with the other evidence, it is for you to determine what weight, if any, to give such evidence.[23]

---

[23] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021); and the charges of the Hon. Pierre N. Leval in *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**REQUEST NO. 24.**

**Transcripts**

[*If Applicable*]

Audio recordings of various communications have been admitted into evidence and transcripts of those recordings have been made available as aids to you. I instruct you that it is the audio recording of the communication that is evidence. [*The parties have stipulated that the transcriptions of the conversations are accurate and admissible as evidence.*]

I instruct you that the recordings were obtained in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is lawful, and that it was properly admitted into evidence. Of course, it is up to you to decide what weight, if any, to give to this evidence.[24]

---

[24] Adapted from the charge of the Hon. P. Kevin Castel in *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), Dkt. 308, 1149 (S.D.N.Y. 2021).

## REQUEST NO. 25.

## False Exculpatory Statements

*[If Applicable]*

You have heard testimony that the defendant made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements, in which the defendant exonerated or exculpated himself, are false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may—but are not required to—infer that the defendant believed that he was guilty. You may not, however, rely on this evidence alone to support a finding of guilt. Whether a defendant's statement does or does not show that he believed himself to be guilty and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.[25]

---

[25] Sand, Modern Federal Jury Instructions, Instr. 6-11.

**<u>REQUEST NO. 26.</u>**

**Redaction of Evidentiary Items**

[*If Applicable*]

There were several exhibits that were admitted that have redactions. That means some part of the exhibit has been covered over or blacked out. The material was redacted because there was an appropriate legal reason for doing so. You are to concern yourself only with the part of the item that has been admitted into evidence, and you should not speculate about what was redacted.[26]

---

[26] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021).

**Defendant's Testimony**

[*Requested only if the defendant testifies*]

[*The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness.[27]

---

[27] *See United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 28.

## Defendant's Right Not to Testify

*[If requested by defense]*

The defendant did not testify in this case. Under the Constitution, he had no obligation to do so, he had no obligation to present any evidence, and that is because it is always the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden is always with the Government throughout the entire case. It never shifts to the defendant. A defendant is never required to prove innocence.

You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against him because he did not get on the witness stand. You may not consider that against the defendant in any way.[28]

---

[28] Adapted from the charge of the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (S.D.N.Y. 2021); Sand, Modern Federal Jury Instructions, Instr. 5-21.

**REQUEST NO. 29.**

**Concluding Remarks**

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict on each count must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.

Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course

of your deliberations, do not hesitate to re-examine your own views, and change an opinion if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like. The foreperson will preside over your deliberations, and will be your spokesperson here in court. That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

All of the exhibits will be given to you, either in digital or hard copy format, near the start of deliberations. You may ask for the transcripts of portions of the testimony, but please keep in mind that if you ask for any portions of the testimony, the court reporter must search through his or her notes, the parties must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.[29]

---

[29] Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1757, 1762) and the Jury Charge in *United States v. Cespedes-Pena*, No. 14 Cr. 520 (KMW).

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
        June 27, 2022

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

        By:     s/_____
                        Peter J. Davis
                        Lara Pomerantz
                        Assistant United States Attorneys