UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.                                              No. 20-cr-538 (PGG)

DONNELL RUSSELL,

         Defendant.

**DEFENDANT RUSSELL'S REQUESTS TO CHARGE**

Defendant Donnell Russell, through counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully submits these proposed jury instructions. Many of these instructions are adapted from jury instructions given in *United States v. Avenatti*, No. 19-cr-373 (PGG) (ECF No. 261) (hereinafter "*Avenatti*").

Mr. Russell respectfully reserves the right to make supplemental requests to charge, including theory of defense instructions, based on the evidence and arguments offered at trial. Moreover, Mr. Russell respectfully reserves the right to withdraw any request based on the Court's evidentiary rulings and other issues that arise during the trial.

Dated:     June 27, 2022          /s/ Michael G. Freedman
                                 THE FREEDMAN FIRM PC
                                 800 Wilshire Blvd., Suite 1050
                                 Los Angeles, CA 90017
                                 Telephone: (213) 816-1700
                                 Facsimile: (213) 816-1706
                                 E-Mail: michael@thefreedmanfirm.com

# **TABLE OF CONTENTS**

## I.    **GENERAL INSTRUCTIONS**

1. Introduction……………………………………………………………3

2. Role of the Court……………………………………………………....4

3. Role of the Jury……………………………………………………..5

4. Role of Counsel…………………………………………………..6

5. Sympathy or Bias………………………………………...……7

6. All Persons Equal Before the Law………………………….9

7. Presumption of Innocence; The Government's Burdon of Proof; and the Reasonable Doubt Standard……………………………….10

8. What Is and Is Not Evidence………………………………………12

9. Evidence Received for a Limited Purpose (If Applicable)……….14

10. Direct and Circumstantial Evidence……………………………15

11. Questions by the Court (If Applicable)……………………………17

12. Summary Chart (If Applicable)…………………………………18

13. Use of Transcripts (if Applicable)………………………………19

14. Witness Credibility…………………………………………...20

15. Prior Inconsistent Statements (If Applicable)…………………….22

16. Witness Bias………………………………………………………23

17. Law Enforcement Witness (If Applicable)………………………..24

18. Improper Consideration: Race, Religion, National Origin, Sex, or

   Age…………………………………………………………...…..25

19. Persons Not on Trial…………………………………………….26

20. Uncalled Witnesses…………………………………………….....27

21. Specific Witness Credibility Circumstances (If Applicable)……..28

22. Testimony By Defendant (If Applicable)…………………………29

23. Defendant's Right Not to Testify (If Applicable)…………………30

24. Statement of Defendant……………………………………....…..31

25. Preparation of Witnesses………………………………………...32

26. Stipulations (If Applicable)……………………………………..33

**II.**   **INSTRUCTIONS AS TO SPECIFIC CHARGES**

27. Significance of the Indictment     …………………….…..34

28. Multiple Counts……………………………………………………35

29. Summary of Charges……………………………………………36

30. Count Two: Threatening Physical Harm by Interstate

   Communication ……………………………………………   36

31. First Element: Communication in Interest Commerce…………37

32. Second Element: Threat to Injure………………………………38

33. Count One: Conspiracy to threaten Physical Harm by Interstate

    Communication……………………………………………………40

34. Conspiracy – First Element………………………………………..41

35. Conspiracy – Second Element…………………………………42

36. Conspiracy – Third Element…………………………………....44

37. Good Faith……………………………………………………...45

38. Venue…………………………………………………………...46

## III.    <u>FINAL INSTRUCTIONS CONCERNING PROCEDURE</u>

39. Right to See Exhibits and Request Testimony;

    Communications with the Court………………………….…...47

40. Duty to Deliberate/Unanimous Verdict…………………………...48

41. Juror Notes……………………………………………….…..50

42. Verdict………………………………………………………..51

43. Duties of Foreperson…………………………………………52

44. Return of Verdict……………………………………………..53

45. Rules of Conduct……………………………………………..54

46. Conclusion……………………………………………………55

## I.  GENERAL INSTRUCTIONS

### 1.  Introduction

I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  Please read along with me.  You will be able to take your copy of the instructions into the jury room and to consult them during your deliberations.

There are three parts to these instructions.  I'll begin with general instructions about your role, and about how you are to decide the facts of the case, i.e., what happened.  I will then give you instructions that are specific to the charges in this case.  I will close with instructions about such matters as communications with the Court, conduct during deliberations, and the process for returning a verdict.

It is important that you listen carefully.  I am reading these instructions from a prepared text because the law is made up of words that are very carefully chosen.  This is not a time to ad lib.  When I tell you what the law is, it is critical that I use exactly the right words.

*Source: Avenatti*, ECF No. 261 at p. 4.  (all page references are to the underlying page number of the charge document, not the ECF number).

## 2. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction. You must not substitute your own notions or opinions of what the law is or what it ought to be.

*Source: Avenatti*, ECF No. 261 at p. 4.

### 3. Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You decide what happened. It is your sworn duty to determine the facts based solely on the evidence received in this trial. Any opinion I might have regarding the facts is of absolutely no consequence.

*Source: Avenatti*, ECF No. 261 at p. 5.

## 4.     Role of Counsel

The personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed an opinion of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, that should not enter into your deliberations at all.

The lawyers and I have had conferences at the bench and other conferences out of your hearing.  These conferences involved procedural or evidentiary matters that are the responsibility of the judge and should not enter into your deliberations at all.

A lawyer has a duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  It is my responsibility to rule on those objections.  Why an objection was made or how I ruled on it is not your concern.  You should not draw any inference simply from the fact that a lawyer objects to a question, or that I sustained or overruled an objection.

*Source: Avenatti*, ECF No. 261 at p. 5.

**5.      Sympathy or Bias**

You must evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial.  Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is:  has the Government proven each element of each charge against Mr. Russell beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the Defendant is guilty of the crimes charged, and you are to do so solely on the basis of the evidence, and subject to the law as I explain it to you.  If you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Russell's guilt as to a particular charge, you should not hesitate for any reason to reach a verdict of not guilty as to that charge.  On the other hand, if you should find that the Government has met its burden of proving beyond a reasonable doubt that Mr. Russell is guilty of a particular charge, you should not hesitate because of sympathy or any other reason to reach a verdict of guilty as to that charge.

The question of possible punishment must not enter into or influence your deliberations in any way.  The duty of imposing a sentence rests exclusively on me.  Your function is to weigh the evidence in the case and to determine whether or not the Government has proven Mr. Russell's guilt beyond a reasonable doubt, solely on the basis of such evidence or lack of evidence.

Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed on Mr. Russell, if he is convicted, to influence your verdict in any way, or, in any sense, to enter into your deliberations. Similarly, you cannot permit any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

*Source: Avenatti*, ECF No. 261 at pp. 5-6.

## 6. All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and that the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give the Government and its witnesses no less consideration.

In reaching your decision as to whether the Government sustained its burden of proof, you may not consider any personal feelings you may have about the Defendant's race, religion, ethnicity, national origin, sex or age. All persons are entitled to the same presumption of innocence.

*Source: Avenatti*, ECF No. 261 at p. 7.

### 7. Presumption of Innocence; The Government's Burden of Proof; and the Reasonable Doubt Standard

Mr. Russell has pleaded not guilty to all charges. In doing so, he has denied the charges in the Indictment. As a result, the Government has the burden of proving the charges against him beyond a reasonable doubt. This burden of proof never shifts to a defendant, because the law never imposes on a defendant in a criminal case the burden or duty of testifying, of calling any witness, or of locating or producing any evidence.

A defendant does not have to prove his innocence. To the contrary, Mr. Russell is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven him guilty beyond a reasonable doubt.

Mr. Russell began the trial with a clean slate, and this presumption of innocence alone is sufficient to acquit Mr. Russell unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence. If the Government fails to sustain its burden, you must find Russell not guilty.

I will now address reasonable doubt. What is reasonable doubt? It is a doubt founded in reason, as opposed to a doubt based on speculation, emotion, sympathy, or prejudice. It is a doubt that arises out of the evidence, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence. Reasonable doubt is a doubt that arises from your own judgment, life experience, and common sense when applied to the evidence.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of Mr. Russell – that is, if you do not have an abiding conviction of his guilt – you must find him not guilty. In other words, if you

have such a doubt as would cause you, as a prudent person, to hesitate before acting in a matter of importance to yourself, then you have a reasonable doubt, and it is your duty to find Mr. Russell not guilty.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding conviction of Mr. Russell's guilt – in other words, a conviction you would be willing to act upon without hesitation in an important matter in your own life – then you have no reasonable doubt, and it is your duty to find Mr. Russell guilty.

Reasonable doubt is not whim or speculation. It is not an excuse to avoid the performance of an unpleasant duty. Reasonable doubt also does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that by its nature is not susceptible to mathematical certainty. As a result, the law in a criminal case is that it is sufficient for the Government to establish the guilt of a defendant beyond a reasonable doubt, not beyond all possible doubt.

*Source: Avenatti*, ECF No. 261 at pp. 7-8.

## 8.    What Is and Is Not Evidence

In determining the facts, you must rely on your own recollection of the evidence. The evidence in this case is the testimony of the witnesses, the exhibits received in evidence, and the stipulations or agreements as to certain facts entered into by the parties.  When I sustained an objection to a question, the answer that the witness may have given in response to that question is not part of the evidence in this case and may not be considered by you.  You are likewise not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.

Where I ordered that testimony be stricken from the record, you may not consider that testimony during your deliberations.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits shown to a witness but not received in evidence are not evidence, nor are materials that were used only to refresh a witness's recollection.

Witnesses sometimes have a failure of recollection when testifying.  In such circumstances, it is proper for the lawyer questioning the witness to attempt to refresh his or her recollection.  Where a document is used to refresh recollection, that document does not have to have been prepared by the witness, nor does it have to have been made contemporaneously with the events described in it.  Where a witness states that a writing has refreshed the witness's memory, then the witness may proceed to testify as to the matters on which his or her memory was refreshed.  That testimony is evidence.  However, where a witness states that his or her recollection is not refreshed, any statements a lawyer may have made about the document used in the attempt to refresh the witness's recollection are not evidence.

As I told you at the outset of this case, arguments by lawyers are not evidence, because the lawyers are not witnesses. The lawyers have no personal knowledge of what happened here. What they have said to you in their opening statements and in their closing arguments is intended to help you understand the evidence to reach your verdict. However, where your recollection of the evidence differs from what a lawyer has argued, it is your recollection of the evidence that controls. You must determine the facts based solely on the evidence received in this trial. In determining the facts, you must rely on your own recollection of the evidence. What the lawyers said in opening statements, in closing arguments, in objections, or in questions is not evidence.

I remind you also that nothing I have said during the trial, or will say in instructing you on the law, is evidence. Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

It is for you alone to decide what weight, if any, to give to the testimony of the various witnesses and to the exhibits that have been received in evidence.

*Source: Avenatti*, ECF No. 261 at pp. 8-10.

**9.    Evidence Received for a Limited Purpose (If Applicable)**

From time to time during the trial, I told you that certain evidence could be considered only for a limited purpose.  Where I gave you such an instruction, you may consider that evidence only for the purpose I identified.

Many exhibits were admitted for purposes of Mr. Russell's state of mind.  Statements and allegations contained in these exhibits cannot be relied on for their truth, but only to the extent they shed light on Mr. Russell's state of mind – what he was thinking or what he understood at the time.  I'll give you some examples.  This is not an exhaustive list.

You should be aware that statements, information, thoughts, and desires never communicated to or reviewed by Mr. Russell could not have affected his state of mind.

*Source: Avenatti*, ECF No. 261 at pp. 10-11 (simplified for this case).

## 10.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict:  direct evidence and circumstantial evidence.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something seen, felt, touched, or heard.  For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds are drawn and you cannot look outside.  As you're sitting here, someone walks in with an umbrella, which is dripping wet. Then a few minutes later another person enters with a wet raincoat.  Now, you can't look outside the courtroom to see whether it's raining, so you have no direct evidence of that fact.  But, based on the facts that I have asked you to assume, you could conclude that it had been raining.

That's all there is to circumstantial evidence. On the basis of reason, life experience, and common sense, you infer from one established fact the existence or non- existence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are rarely easily proven by direct evidence.  Often such facts are established by circumstantial evidence.

Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, whether direct or circumstantial.

There are times when different inferences may be drawn from the evidence.  The Government may ask you to draw one set of inferences, while the Defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw from the evidence.

What is important here is the quality and persuasiveness of the evidence relied on by a party, and not the number of witnesses, the number or variety of the exhibits that party introduced, or the length of time that party spent on a particular subject.

*Source: Avenatti*, ECF No. 261 at p. 11-12.

## 11.    Questions by the Court (If Applicable)

You should draw no inference or conclusion of any kind – whether favorable or unfavorable – with respect to any witness or party, by reason of any question I posed to a witness.  My questions were designed to clarify or expedite matters, and were not intended to suggest any view on my part as to a witness's credibility, or as to what your decision should be. The decision here is for you alone.

*Source: Avenatti*, ECF No. 261 at p. 12.

## 12. Summary Chart (If Applicable)

A summary chart was admitted at trial.  This chart is a visual representation of information or data set forth in documents that were received in evidence.  You may consider the summary chart as you weigh the evidence only to the extent that you find that it accurately reflects the exhibits that were received in evidence.

*Source: Avenatti*, ECF No. 261 at p. 12.

### 13.    Use of Transcripts (If Applicable)

Certain recordings have been admitted into evidence.  You were provided with transcripts to assist you in listening to these recordings.  As I told you when the recordings were received in evidence, the transcripts of the recordings are not themselves evidence.  The transcripts are merely an aid.  The evidence is what you hear on the recordings.  If you hear something on the recordings that is different from what is set forth in the transcript, it is what you hear on the recordings that controls.

*Source: Avenatti*, ECF No. 261 at p. 13.

### 14.    Witness Credibility

You should evaluate the credibility of the witnesses by using your common sense.  Common sense is your greatest asset as a juror.  Ask yourself whether the witness appeared honest, open, candid, and truthful.  Did the witness appear evasive, or as though he or she was trying to hide something?  How responsive was the witness to the questions asked on cross- examination in comparison to the questions posed on direct examination?  You should also consider the witness's ability to recall past events.

If you find that any witness has lied under oath at this trial, you should view the testimony of that witness cautiously and weigh it with great care.  It is for you to decide how much of the witness's testimony, if any, you wish to believe, however.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.

You should also keep in mind that few people recall every detail of every event precisely the same way.  It is for you to determine whether inconsistencies in witness accounts are significant or inconsequential.

In sum, it is up to you to decide whether the testimony of a witness is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, to give to that witness's testimony.

In evaluating the testimony of any witness, you may consider, among other things:

> - the witness's intelligence;
> - the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in
light of all the evidence in the case.

The Government is not required to prove the essential elements of an offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of an offense if you believe that that witness has truthfully and accurately related what he or she has told you. Similarly, the testimony of a single witness may provide the basis for reasonable doubt, if you believe that that witness has testified truthfully and accurately.

*Source: Avenatti*, ECF No. 261 at p. 13-14.

## 15. Prior Inconsistent Statements (If Applicable)

The lawyers have argued that, at some earlier time, witnesses said or did something that is inconsistent with their trial testimony.

Evidence of prior statements that a lawyer argues are inconsistent was introduced for the purpose of helping you decide whether to believe a witness's testimony. If you find that a witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness intentionally made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or an insignificant detail; whether the witness had an explanation for the inconsistency; and whether that explanation accords with your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, part of, or none of the witness's testimony.

*Source: Avenatti*, ECF No. 261 at p. 15.

## 16. Witness Bias

In deciding whether to believe a witness, you should consider whether the witness has an interest in the outcome of the case, or is biased in favor of or against one side or the other. You should also consider evidence of any interest or motive that the witness may have in cooperating with one side or the other. It is your duty to consider whether any witness has permitted bias or interest to color his or her testimony. If you find that a witness is biased, you should view his or her testimony with caution, weigh it with great care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness has an interest in the outcome of this case does not mean he or she has not told the truth. It is for you to decide from your observations, and applying your common sense, life experience, and all the other considerations I have mentioned, whether the possible interest of a witness has – intentionally or otherwise – colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

*Source: Avenatti*, ECF No. 261 at pp. 15-16.

**17.  Law Enforcement Witness (If Applicable)**

You have heard testimony from a law enforcement witness. The fact that a witness is employed by a law enforcement agency does not mean that that witness's testimony deserves more or less consideration, or greater or lesser weight, than that of any other witness. It is up to you to decide, after reviewing all the evidence, what weight to give the testimony and the law enforcement witness.

*Source: Avenatti*, ECF No. 261 at p. 16 (simplified for this case).

**18.     Improper Considerations: Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely on the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, or age of any witness or anyone else involved in this case.  Both sides are entitled to a trial free of prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

*Source: Avenatti*, ECF No. 261 at p. 16.

**19.    Persons Not on Trial**

You may not draw any inference, whether favorable or unfavorable, as to either side from the fact that no person other than Mr. Russell is on trial here. You may not speculate as to the reasons why other people are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

*Source: Avenatti*, ECF No. 261 at p. 17.

## 20.    Uncalled Witnesses

There are people whose names you heard during the trial but who did not appear to testify.  You should not speculate as to what those people would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should keep in mind my instruction, however, that the law does not impose on a defendant the burden or duty of calling any witnesses or producing any evidence.  It is the Government's burden to prove beyond a reasonable doubt each element of the crimes charged in the Indictment.

*Source: Avenatti*, ECF No. 261 at p. 17.

**21.    Specific Witness Credibility Circumstances (If Applicable)**

[In the event it is disclosed that any of the following topics apply to witnesses, Mr. Russell requests that the Court provide an instruction modeled on those covered in the following referenced Sand Instructions:

Bias and Hostility—Sand, Instruction 7-2

Interest in Outcome—Sand, Instruction 7-3

Statutory Immunity of Government Witness—Sand, Instruction 7-8

Informal Immunity of Government Witness—Sand, Instruction 7-9

Cooperation Agreement—Sand, Instruction 7-11

Assertion of Testimonial Privilege by Witness—Sand, Instruction 7-13.1

Government Informers—Sand, Instruction 7-14

Expert Witness—Sand, Instruction 7-21

Testimony as Both Expert and Lay Witness—Sand, Instruction 7-24

## 22. Testimony By Defendant (If Applicable)

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness

*Source:* Sand, Instruction 7-4.

23.    **Defendant's Right Not to Testify (If Applicable)**

Mr. Russell did not testify in this case. As I told you at the outset of this case, under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to Mr. Russell. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that Mr. Russell did Not testify. You may not draw any inference against him because he did not take the witness stand. You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

*Source: Avenatti*, ECF No. 261 at p. 17.

**24.    Statement of Defendant**

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the indictment. In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. You should also consider whether the statements, or the questions that prompted them, were accurately and clearly translated. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence

*Source:* Sand, Instruction 5-19.

## 25.    Preparation of Witnesses

There has been evidence that witnesses discussed the facts of this case and their testimony with lawyers before they appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should be aware that there is nothing unusual or improper about a witness meeting with lawyers before testifying.  Indeed, it would be unusual for a lawyer to call a witness to testify without such preparation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony, and what inferences you draw from such preparation, are matters completely within your discretion.

*Source: Avenatti*, ECF No. 261 at p. 18.

**26.  Stipulations (If Applicable)**

You have heard evidence in the form of stipulations, or agreements, as to certain facts.  Where the parties have entered into an agreement as to certain facts, you must regard the agreed-upon facts as true.

*Source: Avenatti*, ECF No. 261 at p. 18.

## II.     <u>INSTRUCTIONS AS TO SPECIFIC CHARGES</u>

I will now turn to the charges in this case.

## 27.     Significance of the Indictment

The charges against Mr. Russell are set forth in an indictment. An indictment is not evidence of the guilt of a defendant. It is merely an accusation. The indictment gives a defendant notice of the charges against him, and it informs the Court and the public of the nature of the accusations.

Given that an indictment is proof of nothing, a defendant begins trial with a clean slate and without any evidence against him.

*Source: Avenatti*, ECF No. 261 at p. 19.

## 28.    Multiple Counts

Here, the Indictment charges Mr. Russell with two crimes. You
must consider as to each count of the Indictment whether the Government has
demonstrated Mr. Russell's guilt beyond a reasonable doubt, and you will be asked
to return a separate verdict as to each count.  The order of the counts in the
Indictment is not important.  To that end, my instructions will start with Count
Two, and then I will back up to Count One.

*Source: Avenatti*, ECF No. 261 at p. 19.

**29.     Summary of Charges**

The two charges against Mr. Rusell are as follows:

**30.     Count Two: Threatening Physical Harm by Interstate Communication**

Count Two charges Mr. Russell with committing the crime of threatening physical harm by interstate communication.  The Indictment states:

[Please read paragraph 4 of Indictment 20-cr-538 (PGG) (ECF No. 8)]

In order for you to convict Mr. Russell of the crime charged in count two of this Indictment, the government must prove to you beyond a reasonable doubt each of the following elements:

First, Mr. Russell knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another; and

Second, such communication was transmitted for the purpose of issuing a threat, or with the knowledge that the communication would be viewed as a threat.

*Source:* Ninth Circuit Model Criminal Jury Instructions, 8.47B.

## 31. First Element: Communication in Interstate Commerce

The first element of the crime of transmitting a communication with intent to extort is that the Defendant transmitted the communication in interstate commerce. To establish that Mr. Russell transmitted a communication in interstate commerce, the Government must prove that the communication cited in Count Two passed between two or more states. The Government is not required to prove that Mr. Russell knew that the communication would be transmitted across state borders.

*Source*: Avenatti, ECF No. 261, p. 21-22; citing Sand, Instruction 31-9 (addressing whether a threat was transmitted in interstate or foreign commerce in the context of 875(c)).

**32.    Second Element: Threat to Injure**

A communication is a threat to injure property or reputation, and punishable under the law, if it is made under such circumstances that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a "true threat," as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. Thus, to be a crime, the threat on its face and in the circumstances in which it is made must be so unequivocal, unconditional, immediate and specific as to the entity threatened as to convey to an ordinary, reasonable recipient a gravity of purpose and an imminent prospect of execution. The words used by the Defendant should be given their common and ordinary meaning. You may consider both the language and tone the Defendant used and the reaction of the person or persons to whom the communication was addressed. The Government need not prove that the Defendant intended to carry out the threat or that he had the present ability to carry out the threat.

*Source: United States v. Jordan*, 08 Cr. 124 (Oct. 15, 2008) jury charge at 16-17 (citing *Francis*, 164 F.3d at 123 (approving *Kelner's* test for true threat for 18 U.S.C. § 875(c)); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997) (same; reasonable recipient test; unnecessary to prove intent or ability to carry out); Malik, 16 F.3d at 51 (approving *Kelner*); *United States v. Kelner*, 534 F.2d 1020, 1023, 1027 (2d Cir. 1976) (§ 875(c) charge; specific intent or ability to carry out threat are unnecessary; defining true threat)). *See also* Sand, Instruction 31-8 (defining "threat" in the context of § 875(c): "A threat is a serious statement expressing an intention to inflict bodily injury (or kill or kidnap) at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been

made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to inflict bodily injury (or murder or kidnap).  In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat. To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard or read the statement. It is not necessary that the Government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out in the future. The defendant's statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.").

### 33. Count One: Conspiracy to Threaten Physical Harm by Interstate Communication

Count One charges Mr. Russell with committing the crime of Conspiracy. The Indictment states:

[Please read paragraphs 1- 3 of Indictment 20-cr-538 (PGG) (ECF No. 8)]

As you can see, the conspiracy charged has one object: to threaten physical harm to those attending a December 4, 2018, screening of the documentary series entitled "Surviving R. Kelly" at a venue in New York, New York called NeueHouse Madison Square ("NeueHouse").

In order for you to convict Mr. Russell of the conspiracy charged in this indictment, the government must prove to you beyond a reasonable doubt each of the following elements:

1. That the charged conspiracy existed; and

2. That Mr. Russell knowingly and willfully became a member of the conspiracy with the intent to accomplish its unlawful purpose and with the intent to threaten physical harm; and

3. That any one of the conspirators—not necessarily the defendant—committed at least one overt act in the Southern District of New York in furtherance of the conspiracy and during the life of the conspiracy.

*Source:* Adapted from *United States v. Percoco*, 16-cr-776 (VEC) (ECF 516) at 21-22, and Sand, Instruction 19-3S.

### 34. Conspiracy—First Element

Starting with the first part of Element One: a conspiracy is just an agreement. To meet its burden of proof on this element, the Government must prove that there was an agreement between two or more people to threaten physical harm.

The Government is not required to prove that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out who would do what in order to carry out the unlawful project. On the other hand, idle chatter or discussions that do not result in an agreement are not an agreement. If the government proves beyond a reasonable doubt that two or more people expressly, impliedly, or tacitly, came to an understanding to violate the law then the requirement of an agreement is satisfied.

*Source:* Adapted from *United States v. Percoco*, 16-cr-776 (VEC) (ECF 516) at 21-22, and Sand, Instruction 19-3S.

## 35. Conspiracy—Second Element

The second part of Element One is an illegal goal. The Government alleges that the illegal goal of the charged conspiracy was to threaten physical harm.

With respect to the second element—that the defendant knowingly And willfully joined and participated in the conspiracy—to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to do something unlawful. Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.

This requirement helps protect individuals against undeserved conviction of a felony offense by ensuring that a person will not be convicted of a serious crime unless he consciously made a wrong choice to act in a way he knew was prohibited by law. At a fundamental level, due process requires that a person be given fair notice that an act is criminal before the person can be convicted of a serious crime based on that act. Punishing the act itself without regard to whether a choice was made to break the law ignores the principle inherent in due process that a deliberate choice to do wrong must precede punishment.

It is not necessary that a defendant be fully informed of all the details of the conspiracy, or all its participants. He need only have known one other member of the conspiracy and one of its unlawful goals. He could have joined the conspiracy at any time and need not have received any benefit in return.

I want to caution you, however, that mere association or friendship with a conspirator does not make that person a member of the conspiracy, even if he knows that the conspiracy exists. In other words, knowledge and association are not enough; rather, to satisfy this element, you must find that Mr. Russell

intentionally participated in the conspiracy with the purpose of helping to achieve an unlawful goal.

*Source:* Adapted from *United States v. Percoco*, 16-cr-776 (VEC) (ECF 516) at 23; *United States v. Shapiro,* No. 15-cr-155 (RNC) (D. Conn. Aug. 17, 2017) (ECF 464), at 3008, and Sand, Instruction 19-3S.

### 36.    Conspiracy—Third Element

Finally, with respect to the third element—that some member of the conspiracy, not necessarily the defendant, knowingly and willfully committed an overt act in furtherance of the conspiracy—an "overt act" is any action intended to help achieve the object of the conspiracy. An overt act need not itself be a criminal act, but it must be an act that contributes to furthering the conspiracy, and it must be an act that does so during the existence of the conspiracy.  You must unanimously agree on the same overt act.

If you find that the government has failed to prove any one or more of the elements of the charged conspiracy beyond a reasonable doubt, you must find Mr. Russell not guilty. If, on the other hand, you are satisfied that the government has proven all of the elements I have just explained to you beyond a reasonable doubt, and that the other requirements that I will explain to you about how to deliberate and venue are satisfied, you must find him guilty.

*Source*: Adapted from Sand, Instruction 19-3S.

### 37.    Good Faith

If the defendant believed in good faith that he was operating lawfully, even if he was mistaken in that belief, there would be no crime, because good faith is a complete defense to the charge in this case. The burden of establishing the absence of good faith and the existence of criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

*Source*: Adapted from Sand, Instruction 8-1.

**38.** **Venue**

As an essential element of the indictment, the Government must prove by the greater weight of the evidence that one or more overt acts committed by a conspirator during and in furtherance of the conspiracy occurred in the Southern District of New York. This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as the following counties in the State of New York: Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. This is a lesser standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

*Source: Avenatti*, ECF No. 261 at p. 42-43.

## III.  <u>FINAL INSTRUCTIONS CONCERNING PROCEDURE</u>

**39.    Right to See Exhibits and Request Testimony; Communications with the Court**

If, during your deliberations, you have any doubt as to any of the testimony, you may request that relevant portions of the trial transcript be sent back to you in the jury room. If you want any testimony, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

All of the documentary exhibits that have been received in evidence will be sent into the jury room. If you wish to see and/or hear any of the recordings again, you may request that, and we will play the recordings for you here in the courtroom.

If you want any further explanation of the law as I have explained it to you, you may also request that. As I noted earlier, however, you may all take into the jury room your copy of these instructions.

Any communication to me should be made in writing, signed by your foreperson, include the date and time, and be given to one of the marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

*Source: Avenatti*, ECF No. 261 at p. 43.

## 40.    Duty to Deliberate/Unanimous Verdict

Your function is to weigh the evidence in this case and to decide whether the Government has proven beyond a reasonable doubt each of the essential elements of the crimes with which the Defendant is charged. If the Government has succeeded in meeting its burden, your verdict should be guilty; if it has failed to do so, your verdict should be not guilty. You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated under your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.

Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy or to prejudice or favor for either side.

Your verdict as to each charge and each issue must be unanimous. However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to determine whether the Government has proven the Defendant's guilt beyond a reasonable doubt.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

*Source: Avenatti*, ECF No. 261 at pp. 43-45.

**41.    Juror Notes**

If you have taken notes during the trial, your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. Any notes that you may take are not evidence. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

*Source: Avenatti*, ECF No. 261 at p. 45.

**42.    Verdict**

I have prepared a verdict form for you to use in recording your decision. Please use that form to report your verdict.

*Source: Avenatti*, ECF No. 261 at p. 45.

### 43.    Duties of Foreperson

I referred a moment ago to a foreperson. It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here. The foreperson doesn't have any more power or authority than any other juror, and the foreperson's vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court and deliver your verdict.

*Source: Avenatti*, ECF No. 261 at p. 45.

**44.    Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

Each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

*Source: Avenatti*, ECF No. 261 at p. 46.

**45**.     **Rules of Conduct**

During your deliberations, all the rules of conduct concerning outside influences remain in effect. As I have instructed you many times, your verdict must be based solely on the evidence presented in this courtroom. Accordingly, you are still not permitted to discuss this case with anyone but your fellow jurors, and you may not read anything in the newspapers, over the Internet, or anyplace else about this case. Also do not listen to or watch any reporting about this case if it should be broadcast on TV, over the radio, or over some other media.

*Source: Avenatti*, ECF No. 261 at p. 46.

**46.    Conclusion**

Members of the jury, that concludes my instructions to you. I ask you to remain seated while I confer with the lawyers to see whether there are any additional instructions that they wish me to give.

*Source: Avenatti*, ECF No. 261 at p. 46.