UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>DONNELL RUSSELL,<br><br>      Defendant. | No. 20-cr-538 (PGG) |

# DEFENDANT RUSSELL'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EXPERT CELL SITE TESTIMONY

## (MIL NO. 1)

| | |
|---|---|
| Dated:    June 27, 2022 | /s/ Michael G. Freedman<br>THE FREEDMAN FIRM PC<br>800 Wilshire Blvd., Suite 1050<br>Los Angeles, CA 90017<br>Telephone: (213) 816-1700<br>Facsimile: (213) 816-1706<br>E-Mail: michael@thefreedmanfirm.com<br><br>Attorney for Defendant Donnell Russell |

# TABLE OF CONTENTS

**INTRODUCTION** ……………………………………………………. 1

**BACKGROUND** ……………………………………………………. 2

**ARGUMENT** ………………………………………………………3

    A.  **The Expert Testimony Is Inadmissible Under Rule 702** ………. 2

    B.  **The Expert Testimony Is Inadmissible Under Rules 403 and 401** 4

    C.  **The Expert Disclosure Is Insufficient** ……………………….  5

# TABLE OF AUTHORITIES

*Carpenter v. United States*, 138 S. Ct. 2206 (2018) ……..……….....…… 3

*United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008) ……………….…… 2, 4

*United States v. Nieves*, 19- CR-354, 2021 WL 153533

    (S.D.N.Y. April 19, 2021) ……………………………………….. 3, 5


Fed. R. Evid. 401 ………………………………………………………….4

Fed. R. Evid. 403 ………………………………………………………….4

Fed. R. Evid. 702 …………………………………………………………..2

Fed. R. Evid. 704(b) …………………………………………………….. 4


Fed. R. Crim. Pro. 16 advisory committee note (1993 amendment) …………... 5

Paul C. Gianelli, Criminal Discovery, Scientific Evidence, and DNA, 44 VAND. L. REV. 791, 799-800 (1991) ……………………………………………… 5

**INTRODUCTION**

The government has notified Defendant Donnell Russell that it intends to offer at trial expert testimony from engineer Andrew Petersohn regarding radio frequency design engineering and cell site location. By this motion, Mr. Russell seeks to preclude Mr. Petersohn's testimony for several reasons. First and foremost, Mr. Petersohn's testimony and opinions are not necessary to assist the jury in understanding the evidence or determining a fact at issue. Second, the government's notice fails to sufficiently describe Mr. Petersohn's expert opinions and the data and methods underlying those opinions, so his testimony is inadmissible even if it were necessary, which it is not.

**BACKGROUND**

The government's notice is attached as Exhibit 1. In summary, it lists six categories about which Mr. Petersohn is expected to testify and also several opinions to which he is likely to testify. The six categories generally pertain to the design, coverage, testing, and performance of cell sites for wireless devices. The government then notes that it expects Mr. Petersohn to testify "about the likely approximate locations of various cellphones relevant to this case at the times they connected to cell sites in December 2018" and his belief that "reliable conclusions can be drawn about the approximate location of a cellphone at the time of a cell site connection, especially when analyzing cell sites in urban areas that have dense

1

cellular networks." (Ex. 1, p. 2.) The government also expects Mr. Petersohn to "testify that at the time of each connection to a particular cell site (the "Connected Site"), the relevant cellphone was likely located within a distance of the Connected Site that is slightly more than halfway between the Connected Site and the nearest adjacent cell site in a particular direction." (*Id*). Finally, the government expects Mr. Petersohn to "testify concerning his expert opinion of the location of those cellphones at multiple times on or about December 4, 2018" based on a draft presentation consisting of seven slides attached to the notice. (*Id.*, p. 3 and Ex. B.)

## ARGUMENT

### A. The Expert Testimony Is Inadmissible Under Rule 702

Fed. R. Evid. 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) The testimony is based on sufficient facts or data; (c) The testimony is the product of reliable principles and methods; and (d) The expert has reliably applied the principles and methods to the facts of the case. Testimony is properly characterized as "expert" only if it concerns matters that the average juror

is not capable of understanding on his or her own. *United States v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008).

Here, the average juror does not need expert testimony regarding cell site locations used by wireless phones. The vast majority of the slides provided by Mr. Petersohn contain highly general pictures of cell sites in different locations, seemingly to illustrate the basic point that wireless phones connect to cell towers. There is no need for expert testimony on this basic principle of daily life in 2022.

The last two slides in Mr. Petersohn's presentation pertain to phone numbers at issue in this case, but the government fails to explain why this is relevant or, even assuming it is relevant, why it is sufficiently precise to be admissible. Cell site records are generally quite broad and can reveal the location of a cell phone user in a city "within an area covering between around a dozen and several hundred city blocks." *See Carpenter v. United States*, 138 S. Ct. 2206, 2225 (2018) (Kennedy, J., dissenting); *United States v. Nieves*, 19- CR-354, 2021 WL 1535338, at *1 (S.D.N.Y. April 19, 2021) (precluding proposed government cell site expert and opining that even if such testimony had been more relevant, the court would have permitted it only "subject to requiring that it be qualified by various statements that would reveal its limitations").

In this case, the key issue for the jury is whether Mr. Russell placed the so-called threat call and, if so, whether he did so with the intent to make a threat and

3

the understanding it would be perceived as a threat. Notably, Federal Rule of Evidence 704(b) forbids an expert to testify "about whether the defendant did or did not have a mental state…that constitutes an element of the crime charged. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). Extended opinion testimony by a person anointed by the Court as an "expert" on these topics will not aid the jury in its fact finding, but rather runs the risk of "…instructing the jury on the existence of the facts needed to satisfy the elements of the offense charged." *See Mejia*, 543 F.3d at 191. Accordingly, the government's proposed expert testimony is irrelevant to the jury's determination in this case.

### B. The Expert Testimony Is Inadmissible Under Rules 403 and 401

And even if the Court were to conclude that the proposed testimony is relevant, Federal Rule of Evidence 403 prohibits the introduction of relevant evidence if there is a danger that its probative value is outweighed by unfair prejudice. Fed. R. Evid. 403. Here, the probative value of the proposed evidence is slight. *See* Fed. R. Evid. 401. On the other hand, the risk of unfair prejudice is significant as the jury may very well be distracted by irrelevant technological details that would prejudicially bolster its impression of the government's investigation of this case. Accordingly, the Court should preclude Mr. Petersohn's or any other expert's testimony under Rule 702.

And if the government does specify a relevant use for the proposed testimony regarding the cell site and GPS data, the Court should order a Daubert hearing to determine the precision--or imprecision—of the government's methodology to satisfy the (as-yet unspecified) evidentiary function. *See Nieves*, 2021 WL 1535388, at *1.

**C. The Expert Disclosure Is Insufficient**

Furthermore, notwithstanding the arguments above, Mr. Petersohn's testimony should also be excluded because the government's disclosure is not sufficiently complete under Rule 16. The Federal Rules advisory committee envisioned very broad discovery production with respect to experts. A law review article cited by the advisory committee with approval speaks of the need for "[e]xtensive discovery," and notes that "the argument for pretrial discovery in this context is powerful and the arguments against discovery are virtually nonexistent." Paul C. Gianelli, Criminal Discovery, Scientific Evidence, and DNA, 44 VAND. L. REV. 791, 799-800 (1991), cited with approval in Fed. R. Crim. Pro. 16 advisory committee note (1993 amendment). The article also recognizes that:

> Mere notice that an expert will testify, while critical to trial preparation, is insufficient. The opposing party needs to know both the substance of the expected testimony and the qualifications of the proposed expert. The current discovery

> rules on scientific reports provide for neither of these necessities. The typical laboratory report contains only a bare conclusion. It is not unusual for the report merely to "summarize[ ] the results of an unidentified test conducted by an anonymous technician."

Gianelli, *supra*, at 803 (quoting *United States v. Bentley*, 875 F.2d 1114, 1123 (5th Cir. 1989) (Williams, C.J., dissenting)).

The disclosure provided under the Rule should be sufficiently complete to advance the purposes of the rule. Disclosure must be thorough enough to permit defense counsel to prepare effective cross-examination—as envisioned when the amendment to Rule 16 was adopted. See Fed. R. Crim. Pro. 16 advisory committee note (1993 amendment) ("[t]he amendment is intended . . . to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused crossexamination"). Any notice should also be sufficiently complete for defense counsel to anticipate and effectively object to areas of potentially inadmissible testimony prior to, rather than during, trial.

The second of these considerations is especially important when, as here, the expert's testimony will "touch on new or controversial techniques or opinions." Fed. R. Crim. Pro. 16 advisory committee note (1993 amendment).

Here, the government's notice fails to sufficiently identify or disclose Mr. Petersohn's specific opinions, the data underlying them, the methods underlying them. The government has simply provided a broad overview of cell site technology and several rudimentary graphics listing dates, phone numbers, and locations. This information does not reveal how Mr. Petersohn analyzed this information, reached these conclusions, or even what his specific conclusions are. Without further disclosure, Mr. Russell will be denied adequate time and ability to prepare further objections and cross-examination at trial.

## CONCLUSION

For all the foregoing reasons, Mr. Russell respectfully requests that the Court preclude Mr. Petersohn's expert testimony at trial.

Respectfully submitted,

/s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Michael G. Freedman
Michael G. Freedman