UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>DONNELL RUSSELL,<br><br>       Defendant. | No. 20-cr-538 (PGG) |

# DEFENDANT RUSSELL'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE WITNESS TESTIMONY CHARACTERIZING A COMMUNICATION AS A THREAT (MIL NO. 2)

Dated:     June 27, 2022        /s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

**TABLE OF CONTENTS**

**INTRODUCTION** ………………………………………………………… 1
**ARGUMENT** ……………………………………………………………… 1
**CONCLUSION**……………………………………………………….. 6

# TABLE OF AUTHORITIES

*Lightfoot v. Union Carbide Corp*., 110 F.3d 898 (2d Cir. 1997) ………………… 3

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051 (9th Cir. 2008)..2-3

*Thompson v. United State*s, 256 F. 616 (2d Cir. 1919) ………………………… 2

*United States v. Crawford,* 239 F.3d 1086 (9th Cir. 2001) ……………………... 2

*United States v. Kelner*, 534 F.2d 1020 (2d Cir. 1976) …………………………. 4

*United States v. Sovie*, 122 F.3d 122 (2d Cir. 1997) …………………………… 3


Fed. R. Evid. 701 ……………………………………………………………….. 1-2


4-701 Weinstein's Federal Evidence § 701.05 …………………………………..  2

**INTRODUCTION**

This case centers on a single phone call that the government alleges: 1) Mr. Russell placed to a NeueHouse staff member; and 2) contained a threat of physical harm. For the jury to decide that call contained a threat, the jury will have to decide if an ordinary, reasonable recipient would interpret it as a "true threat." The government intends to call the NeueHouse staff member to testify, and by this motion, Mr. Russell seeks to limit the scope of the proposed testimony to preclude the staff member from testifying that the phone call constituted a threat, as that is the ultimate issue for the jury.[1]

**ARGUMENT**

Federal Rule of Evidence Rule 701 provides as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or

---

[1] The government also has informed Mr. Russell that it seeks to admit a recording of the 911 call placed by the staff member after he received the alleged threat call and that it will file a motion *in limine* to admit this recording. Mr. Russell objects to the admission of this 911 call as inadmissible hearsay, Fed, Rule Evid. 801, as will be discussed further in his opposition to the government's motion *in limine*. The same arguments in the instant motion regarding the staff member's direct testimony also apply to his statements in the 911 call.

>to determining a fact in issue; and

>(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. R. 701.

"Lay opinion testimony is not inadmissible solely because it addresses the ultimate issue in the case." 4-701 Weinstein's Federal Evidence § 701.05 (collectingcases); *United States v. Crawford,* 239 F.3d 1086, 1090 (9th Cir. 2001) ("A lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible. The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract.") (citation omitted); *see also Thompson v. United State*s, 256 F. 616, 619 (2d Cir. 1919) "Courts may properly be wary, however, of admitting lay opinion testimony when its sole function is to answer the same question that the trier of fact is to consider in its deliberations. Such testimony may be excluded as unhelpful." 4-701 Weinstein's Federal Evidence § 701.05 (collecting cases).

"Lay opinion does not assist the trier of fact" when "[t]he testimony relates to an issue, such as credibility of witnesses, that is usually reserved exclusively to the trier of fact for decision" or "[t]he testimony merely tells the trier of fact how to decide the case." 4-701 Weinstein's Federal Evidence § 701.03[3] (collecting cases); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059-60

(9th Cir. 2008) ("In general, testimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.") (quotation marks, alterations, and citations omitted); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (the admissibility of Cellura's testimony therefore depends upon whether it satisfies the rational-basis and helpfulness requirements of Rule 701).

Here, the jury for the jury to decide that the phone call constituted a threat, it will have to decide if it was made under such circumstances that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a "true threat," as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. Thus, to be a crime, the threat on its face and in the circumstances in which it is made must be so unequivocal, unconditional, immediate and specific as to the entity threatened as to convey to an ordinary, reasonable recipient a gravity of purpose and an imminent prospect of execution. *See* Defendant's Request to Charge, Threat to Injure, citing Avenatti, ECF No. 261, p. 22; citing Sand, Instruction 31-9 (addressing whether a threat was transmitted in interstate or foreign commerce in the context of 875(c)) *United States v. Jordan*, 08 Cr. 124 (Oct. 15, 2008) jury charge at 16-17 (citing *Francis*, 164 F.3d at 123 (approving *Kelner's* test for true threat for 18 U.S.C. § 875(c)); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997) (same; reasonable recipient test; unnecessary to prove intent or ability to carry out); Malik, 16 F.3d at

3

51 (approving *Kelner*); *United States v. Kelner*, 534 F.2d 1020, 1023, 1027 (2d Cir. 1976) (§ 875(c) charge; specific intent or ability to carry out threat are unnecessary; defining true threat)). *See also* Sand, Instruction 31-8 (defining "threat" in the context of § 875(c): "A threat is a serious statement expressing an intention to inflict bodily injury (or kill or kidnap) at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to inflict bodily injury (or murder or kidnap). In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat. To determine whether or not the defendant made a threat, you should consider the circumstances under which the statement was made, including its context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard or read the statement. It is not necessary that the Government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out in the future. The defendant's statement may be a threat even if it was never communicated, nor intended to be communicated, to the target of the threat.").

Thus, the jury will have to make a determination whether the phone call contained a threat to an objective listener and whether the person making the phone call subjectively intended the statement to be understood as a threat. Testimony by the staff member who received the phone call that the phone call contained a threat and was intended to understood as a threat will not relate to issue that the jury requires assistance in determining. The staff member may testify regarding the context and circumstances surrounding the phone call, including the language the speaker used and the staff member's own reaction. But the staff member may not offer his own opinion whether that call contained a threat, because that is the ultimate factual issue for the jury to determine. For example, whereas the staff member may testify to what he heard on the call and how he responded by calling 911, he may not testify that what he heard on the call was a threat or that he called 911 because of a threat. Indeed, as will be discussed further in Mr. Russell's opposition to the government's motion in *limine* to admit the 911 call recording, it would be especially problematic to admit the 911 recording in which the staff person refers to the call he received as a threat. Allowing the witness to go so far as to label the call a threat, either through live testimony or through the otherwise inadmissible 911 call recording, would be of no benefit to the jury here "other than simply suggesting how the jury should evaluate the evidence." Windley, 2012 WL 2813859, at *5.

## CONCLUSION

For all the foregoing reasons, Mr. Russell respectfully urges the Court preclude the staff member from testifying that the phone call constituted a threat.

Respectfully submitted,

/s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Michael G. Freedman
Michael G. Freedman
