UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>DONNELL RUSSELL,<br><br>    Defendant. | No. 20-cr-538 (PGG) |

**DEFENDANT RUSSELL'S MEMORANDUM IN SUPPORT OF MOTION
*IN LIMINE* TO PRECLUDE ADMISSION OR USE OF 2018 ALLEGATION
(MIL NO. 3)**

Dated:   June 27, 2022     /s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

# TABLE OF CONTENTS

**INTRODUCTION** ………………………………………………………….. 1

**ARGUMENT** …………………………………………………………….… 1

    **A. The Report Is Inadmissible Because It Is Unsubstantiated**………... 1

    **A. The Report Is Inadmissible Hearsay** …………………………….... 2

    **B. The Report Is Inadmissible Under Rule 404** ……………………… 2

    **C. The Report Is Inadmissible Under Rules 609 and 403** …………… 4

  **CONCLUSION** …………………………………………………………… 5

# TABLE OF AUTHORITIES

*Baker v. Jiminian*, No. 18 CIV. 5003 (NRB), 2019 WL 6111157

    (S.D.N.Y. Nov. 13, 2019) …………………………………….. 2

*Perkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) …………………………… 2, 3

*United States v. Vasquez*, 840 F.Supp.2d 564 (EDNY 2011) ………………….. 4


Fed. R. Evid. R. 403 ……………………………………………………. 4

Fed. R. Evid. R. 404 ……………………………………………………. 3

Fed. R. Evid. R. 609 ……………………………………………………. 4

Fed. R. Evid. R. 801 ……………………………………………………. 2

# INTRODUCTION

The government has informed defendant Donnell Russell that, in the event he testifies at trial, the government intends to seek to introduce a 2018 allegation by an unnamed female victim who apparently told law enforcement responding to a domestic disturbance call in Chicago that Mr. Russell had threatened her.[1] By this motion, Mr. Russell seeks to preclude the government from introducing this allegation at trial, including on cross-examination should he decide to testify. The Court should grant Mr. Russell's motion for several reasons.

# ARGUMENT

## A. The Report Is Inadmissible Because It Is Unsubstantiated

First, the report lacks credibility because it is unsubstantiated. The incident does not even appear on Mr. Russell's criminal history, which means he was either never arrested for the incident or the case was dismissed and sealed. Indeed, Mr. Russell denies any knowledge of the alleged incident whatsoever. The allegation

---

[1] The government originally provided notice on June 17, 2022 that it would seek to admit this allegation in its case-in-chief pursuant to Rule 404(b), but on June 24, 2022, informed defense counsel that it was no longer seeking to admit this allegation in its case-in-chief, only on cross-examination if defendant testifies. The government still seeks to admit other evidence in its case-in-chief pursuant to Rule 404(b), and Mr. Russell objects but those allegations are not within the scope of the instant motion. Rather, the government is filing a motion in limine seeking to admit that other evidence and Mr. Russell will detail his objections in his opposition to the government's motion.

1

loses credibility either way.  *See* B*erkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991) (finding that exoneration of six of seven prior complaints "lessens the probative value of . . . similar act evidence, tilting the scales further toward a finding of undue prejudice.").

### B. The Report Is Inadmissible Hearsay

Second, the allegation also constitutes inadmissible hearsay under Federal Rules of Evidence Rule 801.  The alleged threat was seemingly never recorded.  The purported victim reported it to the officers only after they responded to the scene.  The alleged victim called 911 to report a slap, not to report the threat, which allegedly happened after she called 911.  There is no indication that threat was not testimonial in nature.  Nor is there any indication the allegation is even admissible through a hearsay exception.

### C. The Report Is Inadmissible Under Rule 404

Third, the incident is too dissimilar and unrelated to the instant case to offer any permissible use or probative value.  Admission of extrinsic acts as evidence of a pattern or practice under Federal Rule of Evidence 404(b) is permitted "only if those acts share 'unusual characteristics' with the acts alleged or represent a 'unique scheme.'  *Baker v. Jiminian*, No. 18 CIV. 5003 (NRB), 2019 WL 6111157, at *1 (S.D.N.Y. Nov. 13, 2019), citing *Berkovich*, 922 F.2d at 1022.

The incident is characterized by alleged domestic violence, which bears no semblance to the allegations underlying this case involving a threat to a commercial venue. Whereas Mr. Russell purportedly threatened an intimate partner directly in this domestic incident, the threat in the case here involves a statement to a commercial venue about a third-party at the venue with a gun. One is a direct threat, the other is a warning of a third party posing a threat.

Thus, the two threats evince no common scheme or plan, or other permissible exception to the rule against propensity evidence. The logical inference a jury would derive from this evidence is that Mr. Russell has a propensity to make gun threats and that he acted in accordance with this propensity during the conduct underlying the case before this Court. Of course, such an inference of propensity is unfairly prejudicial and barred under FRE 404(a)(1) accordingly.

To the extent these two incidents are similar because they both involve a shooting threat, the potential for prejudice . . . is greatly enhanced where . . . the prior offense is similar to the one for which the defendant is on trial." *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971).

Accordingly, the probative value of this incident is tenuous at best with a great risk of unfair prejudice. Therefore, the evidence is also inadmissible under

FRE 404 because the risk of unfair prejudice substantially outweighs the evidence's probative value.

### D. The Report Is Inadmissible Under Rules 609 and 403

Fourth, even if the allegation led to a conviction, which it did not, it would still not be admissible for purposes of impeachment pursuant to F.R.E. 609 and 403. According to FRE 609(a)(1)(A), the probative value of a prior conviction must outweigh the prejudicial value when a party seeks to attack a witness's character for truthfulness. Here, even assuming the allegation led to a conviction, it would still have little to no probative value.

In weighing the probative value of a prior conviction, courts have historically considered: (1) the impeachment value of the prior crime; (2) the date of conviction and a defendant's subsequent history; (3) the degree of similarity between the past crime and the current crime; (4) the centrality of the defendant's credibility in the case; and (5) the importance of a defendant's testimony. *United States v. Vasquez*, 840 F. Supp. 2d 564, 567-568 (EDNY 2011). Not all prior convictions have a high impeachment value. Prior convictions that are probative of a witness's character for truthfulness or untruthfulness are those that have an underlying theme of dishonesty or deceit. Without evidence of dishonesty or falsification in a prior conviction, the impeachment value of a prior conviction is relatively low. *Vasquez*, 840 F. Supp. 2d at 569.

## CONCLUSION

For all the foregoing reasons, Mr. Russell respectfully urges the Court to preclude the government from introducing this 2018 domestic disturbance allegation at trial, including on cross-examination should he decide to testify.

Respectfully submitted,

/s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Michael G. Freedman
Michael G. Freedman