UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>DONNELL RUSSELL,<br>        Defendant. | No. 20-cr-538 (PGG) |

**DEFENDANT RUSSELL'S MEMORANDUM IN SUPPORT OF MOTION**
***IN LIMINE* TO EMPLOY WRITTEN JUROR QUESTIONNAIRE**

**(MIL NO. 4)**

| | |
|---|---|
| Dated:    June 27, 2022 | /s/ Michael G. Freedman<br>THE FREEDMAN FIRM PC<br>800 Wilshire Blvd., Suite 1050<br>Los Angeles, CA 90017<br>Telephone: (213) 816-1700<br>Facsimile: (213) 816-1706<br>E-Mail: michael@thefreedmanfirm.com<br><br>Attorney for Defendant Donnell Russell |

# TABLE OF CONTENTS

**INTRODUCTION** …………………………………………………………….1
**BACKGROUND** …………………………………………………………….1
**ARGUMENT** …………………………………………………………. 2
**CONCLUSION** …………………………………………………………..4

# TABLE OF AUTHORITIES

*United States v. Awadallah*, 457 F. Supp. 2d 246 (S.D.N.Y. 2006) ……………... 3

*United States v. Blom*, 242 F.3d 799 (8th Cir. 2001) ……………………………….. 3

*United States v. Brown*, 303 F.3d 582 (5th Cir. 2002) …………………………….. 3

*United States v. Bruno*, 700 F. Supp. 2d 175 (N.D.N.Y. 2010) …………………. 3

*United States v. Muyet*, 945 F. Supp. 586 (S.D.N.Y. 1996) ……………………... 3

*United States v. Poulsen*, 655 F.3d 492 (6th Cir. 2011) …………………………… 3

*United States v. Quinones*, 511 F.3d 289 (2d Cir. 2007) ………………………... 2

*United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999) …………………………. 2-3

*United States v. Wecht*, 537 F.3d 222 (3d Cir. 2008) ……………………………. 3

*United States v. Wilson*, 925 F. Supp. 2d 410 (E.D.N.Y. 2013) …………………..3

## INTRODUCTION

Defendant Donnell Russell respectfully requests that the Court employ a written juror questionnaire in advance of *voir dire* and submits a proposed questionnaire as Exhibit A. This case stems from allegations relating to the screening of the documentary Surviving R. Kelly, which garnered considerable media attention, especially in the New York area. That media attention was and will be compounded further by Mr. Kelly's recent trial and upcoming sentencing in *U.S. v. Kelly*, 19-CR-286-AMD (EDNY) and further trial in *U.S. v. Kelly*, 19-cr-567-HDL (ND Ill.) later this summer. Although Mr. Russell's case stands apart from Mr. Kelly's case and the government has agreed to limit its presentation of evidence relating to Mr. Kelly, there is nonetheless a significant risk of potential juror prejudice caused by press coverage that should be address with a written juror questionnaire.

## BACKGROUND

As detailed in the indictment and complaint filed in this case, the allegations against Mr. Russell stem from the screening of a documentary series entitled Surviving R. Kelly. (ECF No. 8). Mr. Russell is alleged to have been Robert Sylvester Kelly's manager and is alleged to have engaged in the charged conduct in that capacity. (ECF No. 1, pars. 6, 7, 18, 19). Mr. Russell's arrest in this case was announced by the United States Attorney's Office for the Southern District of

New York with a headline that read "R. Kelly's Manager Charged With Placing Threatening Call to Manhattan Theater."  (https://www.justice.gov/usao-sdny/pr/r-kelly-s-manager-charged-placing-threatening-call-manhattan-theater).  Mr. Kelly was tried and convicted in the Eastern District of New York in 2021 in a case that received tremendous media attention.  (19-CR-286-AMD (EDNY)).  Mr. Kelly's sentencing in that case is set for June 29, 2022.  (*Id.*, ECF No. 297).  Mr. Kelly is also set to stand trial in U.S. v. Kelly, 19-cr-567-HDL (ND Ill.) on August 15, 2022.  (ECF No. 217).  These further proceedings are virtually certain to garner as much media attention as the prior proceedings.  Indeed, just today the media has covered new threat charges against another individual stemming from the Kelly matter.  (https://www.cbsnews.com/chicago/news/bolingbrook-man-charged-with-threatening-federal-prosecutors-in-r-kellys-racketeering-case-in-new-york/)

**ARGUMENT**

The court has "substantial discretion in determining the measures necessary to protect a defendant's right to a fair and impartial trial.  *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007).  In cases "where there has been extensive pre-trial publicity," trial courts in this Circuit "routinely employ questionnaires to facilitate *voir dire*" to ensure that the defendant's constitutional rights have been upheld.  *Id.* (citing *United States v. Stewart*, 433 F.3d 273, 303 (2d Cir. 2006)); *see also United States v. Rahman*, 189 F.3d 88, 121-22 (2d Cir.

1999) (juror questionnaire "skillfully balanced the difficult task of questioning . . . a large jury pool with the defendants' right to inquire into . . . sensitive issues that might arise in the case"); *United States v. Muyet*, 945 F. Supp. 586, 595 (S.D.N.Y. 1996) (endorsing the use of a juror questionnaire in a case involving extensive pre-trial publicity); *e.g., United States v. Poulsen*, 655 F.3d 492, 507-08 (6th Cir. 2011) (approving of a juror questionnaire with "questions addressing the existence and extent of prospective jurors' media exposure and any opinions prospective jurors may have formed about the case"); *United States v. Wecht*, 537 F.3d 222, 225-27 (3d Cir. 2008) (approving of a juror questionnaire in a case involving extensive media coverage); *United States v. Brown*, 303 F.3d 582, 602-03 (5th Cir. 2002) (affirming the use of a juror questionnaire in a case involving "enormous local and national publicity"); *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (endorsing the use of juror questionnaires to inquire about jurors' "exposure to pretrial publicity").

In such cases, a juror questionnaire is a helpful "pre-screening measure" that will "expedite selection." *United States v. Bruno*, 700 F. Supp. 2d 175, 178 (N.D.N.Y. 2010); *see also Rahman*, 189 F.3d at 121-22 (using a juror questionnaire in a high-profile case to screen a large jury pool); *United States v. Awadallah*, 457 F. Supp. 2d 246, 254 (S.D.N.Y. 2006) (same); *United States v. Wilson*, 925 F. Supp. 2d 410, 411-13 (E.D.N.Y. 2013) (using a juror questionnaire

3

"to root out any and all bias," including any "exposure to the news coverage on this case").

Given the years of past press coverage of Mr. Kelly's own prosecution and prosecutions related to him, including Mr. Russell's, there can be no doubt that this is a case with extensive pre-trial publicity. It is therefore the type of case where a questionnaire should be employed to facilitate *voir dire* and ensure that Mr. Russell's constitutional rights are upheld. A jury questionnaire will help address the issue of prospective jurors' media exposure and opinions about the case and will do so in an efficient manner to help expedite jury selection.

## CONCLUSION

For all the foregoing reasons, Mr. Russell respectfully requests the Court employ a written juror questionnaire in advance of *voir dire* similar in form to his proposed questionnaire attached as Exhibit A.

Respectfully submitted,

/s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Michael G. Freedman
Michael G. Freedman