UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>DONNELL RUSSELL,<br><br>      Defendant. | No. 20-cr-538 (PGG) |

# DEFENDANT RUSSELL'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE RELATING TO MR. KELLY'S PROSECUTION AND MR. RUSSELL'S EDNY PROSECUTION (MIL NO. 5)

Dated:  June 27, 2022

/s/ Michael G. Freedman
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

# TABLE OF CONTENTS

**INTRODUCTION**……………………………………………………………… 1

**BACKGROUND** ……………………………………………………………. 1

**ARGUMENT**……………………………………………………………….  2

**CONCLUSION**  …………………………………………………………… 5

# TABLE OF AUTHORITIES

*Old Chief v. United States*, 519 U.S. 172 (1997)  3


Fed. R. Evid. R. 402 ……………………………………………………….. 2
Fed. R. Evid. R. 403 ……………………………………………………….  2, 3

# INTRODUCTION

Although the government and Mr. Russell have already agreed that the government will not seek to introduce evidence relating to Mr. Russell's pending case in the Eastern District of New York or relating to Robert Kelly's criminal prosecutions, Mr. Russell files this motion in limine to preclude the introduction of certain other items of evidence that pertain to Mr. Russell's alleged work for Mr. Kelly but which are irrelevant to the charges against Mr. Russell and would be unfairly prejudicial if introduced in his trial in this case.

# BACKGROUND

As detailed in the indictment and complaint filed in this case, the allegations against Mr. Russell stem from the screening of a documentary series entitled Surviving R. Kelly. (ECF No. 8). Mr. Russell is alleged to have been Robert Kelly's manager and is alleged to have engaged in the charged conduct in that capacity. (ECF No. 1, pars. 6, 7, 18, 19). Mr. Russell's arrest in this case was announced by the United States Attorney's Office for the Southern District of New York with a headline that read "R. Kelly's Manager Charged With Placing Threatening Call to Manhattan Theater." (https://www.justice.gov/usao-sdny/pr/r-kelly-s-manager-charged-placing-threatening-call-manhattan-theater). Mr. Russell has also been charged in the Eastern District of New York with attempting to

harass an alleged victim of Mr. Kelly and is pending trial in that matter. (20-cr-427 (AMD), ECF No. 11).

The government has agreed that it will not be seeking to admit evidence regarding Mr. Kelly's prosecution or Mr. Russell's Eastern District prosecution. But the government does intend to seek to introduce several additional categories of evidence that relate to Mr. Russell's alleged work for Mr. Kelly, to the Eastern District allegations against Mr. Russell, and to Mr. Kelly directly. Specifically, the government has stated that it intends to seek to introduce: 1) the trailer of the Surviving R. Kelly documentary and testimony from an attendee of the screening of the documentary; 2) YouTube interviews of Mr. Russell; and 3) evidence, pursuant to Rule 404(b), of Mr. Russell's threats to victims and attempts to discredit them.[1]

## ARGUMENT

All of this evidence should be precluded because it is irrelevant to the threat charge against Mr. Russell at issue in this case under Fed. R. Evid. 402 and would cause unfair prejudice under Fed. R. Evid. 403. Federal Rule of Evidence 402 provides that evidence is admissible only if it is "relevant." Evidence is relevant if:

---

[1] Separately, Mr. Russell objects to the admission of this particular evidence pursuant to Rule 404(b). The government is filing a motion in limine to admit this evidence pursuant to Rule 404(b) and Mr. Russell will file an opposition addressing that issue.

2

"(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Even if relevant, evidence may be excluded if its prejudicial value substantially outweighs its probative effect. Fed. R. Evid. 403. "Unfair prejudice" is defined by the Rule 403 Advisory Notes as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See also Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In this case, the jury has to determine whether Mr. Russell placed the alleged threat call and, if so, whether the call constituted a threat. The trailer for the documentary that was scheduled to play at the theater that received the threat call is irrelevant to this issue, as is testimony from anyone attending the screening. Whether a call was placed and whether it constituted a threat does not turn on what the theater was showing, but simply evidence of the call and its contents. Any documentary could have been playing and the analysis for the jury in this case would not change. Likewise, the testimony from an attendee of the documentary screening is irrelevant to whether a call was made and whether it constituted a threat. The only percipient testimony relevant to the latter issue is the reaction of the person who heard the call, not a person who was at the theater when the call was received or in its aftermath. Clearly this evidence is intended to distract and inflame the jury by focusing their attention on Mr. Kelly and the irrelevant

3

allegations against him.  This is not only irrelevant, but would also be prejudicial to Mr. Russell.

Likewise, Mr. Russell's YouTube interviews contain hours of footage having nothing to do with the instant case and touch only briefly on his admissions that he spoke to the theater the day of the screening regarding trademark infringement and a cease-and-desist letter.  Other than this brief segment, they have nothing to do with the instant case.  Rather, as above, they have much more to do with Mr. Kelly and would prejudice Mr. Russell if introduced in his trial.  Likewise, all three YouTube interviews include discussion of events underlying Mr. Russell's Eastern District case, a topic that the government has already agreed should not be admitted in this case.  Just because this same topic is discussed in a YouTube video does not change the analysis and does not render the YouTube videos admissible.

Finally, according to its 404(b) notice to the defense, the government seeks to admit evidence of Mr. Russell's "threats to victims and attempts to discredit them."  The notice goes on to list three examples of such conduct, all of which relate to allegations against Mr. Russell in the Eastern District of New York.  Mr. Russell will respond directly to the government's motion to admit this evidence pursuant to Rule 404(b), but notes at this point that aside from that analysis, such

evidence is also inadmissible because it is irrelevant and unduly prejudicial under Rules 402 and 403 for all the reasons discussed above.

## CONCLUSION

For all the foregoing reasons, Mr. Russell respectfully urges the Court to preclude irrelevant and prejudicial evidence relating to Mr. Kelly and to Mr. Russell's case in the Eastern District of New York.

Respectfully submitted,

<u>/s/ Michael G. Freedman</u>
THE FREEDMAN FIRM PC
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
Telephone: (213) 816-1700
Facsimile: (213) 816-1706
E-Mail: michael@thefreedmanfirm.com

Attorney for Defendant Donnell Russell

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

/s/Michael G. Freedman
Michael G. Freedman