UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        -against-

DONNELL RUSSELL,

                Defendant.

**ORDER**

20 Cr. 538 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Judgment was entered in this case on December 21, 2022.  (Dkt. No. 96)  On May 8, 2023, Defendant Russell, proceeding pro se, moved for an extension of time to appeal.  (Dkt. No. 99)  The Government filed its opposition to Russell's motion on May 16, 2023.  (Dkt. No. 106)

        In his motion, Russell states that the "reason[] which constitute[s] 'excusable neglect' or 'good cause'" meriting an extension of time to appeal is "ineffective counsel." Russell complains that his attorneys, inter alia, "never challenged the fact that the grand jury proceedings [leading to his Indictment] were held in secrecy"; did not "discuss the content of any investigative work [with him] . . . [or] go over the discovery in [his] case"; did not "interview any witnesses"; did not "prepare[] [him] for trial"; did not "file[] [his] affirmative defense"; did not call Russell to testify despite Russell's request to do so; "did not challenge the venue"; had a conflict of interest due to a joint representation in another case with a lawyer affiliated with the

musician R. Kelly;[1] and did not introduce evidence at trial that would have impeached the Government's witnesses and/or exculpated Defendant.  (Def. Mot. (Dkt. No. 99))

Russell's allegations are not relevant to his application for an extension of time to appeal.  In particular, Russell does not state that he asked his lawyer to file an appeal after judgment was entered on December 21, 2022.

In opposing Russell's application, the Government notes that his motion is "outside of the statutory window and untimely," and that "none of [Russell's complaints] have to do with his failure to file a notice of appeal within the statutory time limit.  Accordingly, the defendant has failed to show excusable neglect or good cause. . . ."  (Govt. Opp. (Dkt. No. 106) at 1)

Rule 4(b) of the Federal Rules of Appellate Procedure provides:

**(1) Time for Filing a Notice of Appeal.**

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

. . . .

(4) **Motion for Extension of Time.**  Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(1) and (4).

---

[1] Russell was convicted of making interstate threats "in [an] effort[] to convince [the] NeueHouse [movie theater] and . . . Lifetime executives to cancel [a] scheduled screening of the 'Surviving R. Kelly' film."  (Nov. 4, 2022 Post-Trial Rulings Tr. (Dkt. No. 88) at 5)

District courts are not "authorize[d] . . . to disregard [the time limit in Rule 4(b)(4)] when it is raised.  When the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible."  United States v. Frias, 521 F.3d 229, 234 (2d Cir. 2008).

Pursuant to Rule 4(b)(1)(A)(i), the deadline for Russell to file a notice of appeal was January 4, 2023 – 14 days after the December 21, 2022 judgment.  Pursuant to Rule 4(b)(4), the Court could have granted an extension of up to 30 days for "excusable neglect or good cause."  Such an extension would have resulted in a deadline of February 3, 2023.  Russell's May 8, 2023 motion for an extension of time is thus well outside the statutory limit.  Moreover, Russell has stated no facts suggesting excusable neglect or good cause for failing to timely file a notice of appeal.  Finally, there is no evidence that Russell's failure to file a timely appeal is the product of ineffective assistance of counsel.  All of Russell's complaints about his attorney relate to trial strategy, and not to the filing of an appeal.

For these reasons, Russell's motion is denied.  The Clerk of Court is directed to terminate the motion (Dkt. No. 99).

Dated: New York, New York
       May 31, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge