**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**UNITED STATES OF AMERICA**

**UNITED STATES OF AMERICA**
  Plaintiff,

v.                                                    Case No. **1:20-cr-00538-PGG**

**DONNELL A. RUSSELL**
  Defendant.

# NOTICE OF MOTION FOR CREDIT / OFFSET TOWARD MONETARY OBLIGATIONS

**PLEASE TAKE NOTICE** that upon the annexed Motion for Credit / Offset Toward Monetary Obligations, the Declaration of Donnell Russell, the Judgment entered December 21, 2022 (ECF No. 96), and upon all prior proceedings herein, the undersigned Defendant, proceeding pro se, will move this Court before the Honorable Paul G. Gardephe, U.S.D.J., at the United States District Court for the Southern District of New York, at a date and time to be set by the Court, for an Order:

1. Granting an equitable credit or offset against the $10,000 fine imposed in the Judgment;
2. Waiving or remitting the fine in whole, or alternatively reducing it to an amount the Court deems just, including zero; and
3. Granting such other and further relief as the Court deems proper.

**Executed on** February 24, 2026.

Respectfully submitted,

/s/Russell, Donnell A_____
Donnell A. Russell
Defendant, Pro Se
Court Compliance Certificate No. 1406290000022
1826 S Millard Ave
Chicago, IL 60623
312-632-3594
lb.drussell@gmail.com

**MEMO ENDORSED:**  The application is denied. The Clerk of Court is directed to mail a copy of this Order to Defendant Donnell Russell at 1826 S. Millard Avenue, Chicago, Illinois, 60623.

SO ORDERED.

*Paul G. Gardephe*

_____
Paul G. Gardephe
United States District Judge
Dated:  March 10, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I caused a true and correct copy of the foregoing Notice of Motion, Motion for Credit / Offset Toward Monetary Obligations, and supporting papers to be served by first-class mail (or ECF, if applicable) upon:

1:20-cr-00538-PGG-1 Notice has been electronically mailed to:

**United States Attorney for the Southern District of New York**
One St. Andrew's Plaza
New York, NY 10007
CourtMail@nysd.uscourts.gov

**United States Attorney for the Southern District of New York**
One St. Andrew's Plaza
New York, NY 10007
CaseView.ECF@usdoj.gov, USANYS.ECF@USDOJ.GOV,

**Lara Elizabeth Pomerantz**
One St. Andrew's Plaza
New York, NY 10007
Lara.Pomerantz@usdoj.gov

**Peter John Davis**
One St. Andrew's Plaza
New York, NY 10007
peter.davis2@usdoj.gov

**Donnell A. Russell – All Rights Reserved**
**Defendant, Pro Se**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

v.                                                                    Case No. **1:20-cr-00538-PGG**

**DONNELL RUSSELL**,
Defendant.

## MOTION FOR CREDIT / OFFSET TOWARD MONETARY OBLIGATIONS BASED ON EXTRAORDINARY CUSTODIAL HARDSHIP AND EQUITABLE CONSIDERATIONS

## INTRODUCTION

Defendant **Donnell Russell**, proceeding pro se, respectfully moves this Court for an Order granting an equitable credit or offset toward the $10,000 fine imposed in the Judgment entered on December 21, 2022 (ECF No. 96), or in the alternative waiving or remitting the fine in full, pursuant to 18 U.S.C. §§ 3572(a), 3572(d)(3), and 3613(b), and in the interest of justice.

This motion is based on extraordinary custodial hardship resulting from six (6) months of non-disciplinary Protective Custody, which materially altered the punishment imposed and eliminated Defendant's ability to earn income or mitigate financial penalties.

## RELEVANT JUDGMENT TERMS

1. On December 21, 2022, this Court entered a Judgment in a Criminal Case adjudicating Defendant guilty of violating 18 U.S.C. § 875(c). The Judgment imposed, inter alia:

   - Twelve (12) months of imprisonment;
   - Two (2) years of supervised release;
   - A $100 special assessment; and
   - A $10,000 fine.

2. The Judgment establishes a payment schedule requiring the fine to be paid in monthly installments equal to 10% of gross monthly income, commencing 30 days after release from custody.

3. The Judgment further requires Defendant to notify the Court and the United States Attorney of material changes in economic circumstances affecting the ability to pay monetary penalties

## STATEMENT OF FACTS

4. Defendant was sentenced to 12 months of incarceration, but served approximately 10 months due to First Step Act earned time credits and Good Conduct Time, as authorized by federal law.

5. During incarceration, Defendant was placed in Protective Custody / Special Housing Unit (SHU) status for approximately six (6) months.

6. This placement was non-disciplinary, imposed solely for Defendant's safety, and not the result of misconduct.

7. As a direct consequence of Protective Custody placement, Defendant:

   - Was denied access to prison employment;
   - Was unable to earn institutional wages;
   - Was excluded from programming and reentry preparation;
   - Endured confinement conditions substantially more restrictive than ordinary incarceration.

8. These conditions constituted custodial hardship beyond that contemplated at sentencing, materially altering the nature and severity of the punishment imposed.

## LEGAL STANDARD

Under 18 U.S.C. § 3572(a), courts must consider a defendant's financial resources, earning capacity, and the burden of the fine.

Under § 3572(d)(3), a material change in economic circumstances authorizes the Court to adjust or remit a fine.

Due process prohibits enforcement of monetary penalties where payment would effectively punish indigency. *Bearden v. Georgia*, 461 U.S. 660 (1983).

Nothing in the Judgment divests this Court of jurisdiction to grant post-judgment equitable relief; to the contrary, the Judgment expressly anticipates modification based on changed circumstances

## ARGUMENT

### I. PROTECTIVE CUSTODY CONFINEMENT EXCEEDED ORDINARY INCARCERATION

Six months in Protective Custody, particularly when non-disciplinary, constitutes extraordinary custodial hardship. Courts have recognized that such confinement is materially more restrictive and may be considered in evaluating fairness and proportionality of post-sentence financial penalties.

### II. DEFENDANT'S INABILITY TO EARN INCOME CONSTITUTES A MATERIAL CHANGE IN CIRCUMSTANCES

The fine and payment schedule assumed some post-custody earning capacity. Defendant's prolonged Protective Custody placement eliminated any meaningful opportunity to earn or reserve funds, satisfying the statutory standard for modification under § 3572(d)(3).

### III. EQUITY REQUIRES CREDIT, OFFSET, OR REMISSION OF THE FINE

Defendant has:

- Served the custodial sentence imposed;
- Earned early release through lawful statutory credits;
- Complied with halfway house placement and supervised release;
- Avoided post-sentence misconduct.

Requiring payment of the $10,000 fine under these circumstances would impose additional punishment for conditions of confinement beyond Defendant's control, contrary to fundamental fairness.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. Grant an equitable credit or offset toward the $10,000 fine;
2. Waive or remit the fine in full, or alternatively reduce it to an amount the Court deems just, including zero;

3.  Grant such other and further relief as the Court deems equitable and proper.

## DECLARATION

I, Donnell A. Russell, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Executed on** February 24, 2026.


Respectfully submitted,

/s/Russell, Donnell A_____
Donnell A. Russell
Defendant, Pro Se
Court Compliance Certificate No. 1406290000022
1826 S Millard Ave
Chicago, IL 60623
312-632-3594
lb.drussell@gmail.com

Donnell Russell
1826 South Millard Avenue
Chicago, Illinois 60623

**CERTIFIED MAIL**

9589 0710 5270 1772 6186 81

*Retail*

U.S. POSTAGE PAID
FCM LETTER
CHICAGO, IL 60699
FEB 27, 2026

10007

**$10.77**

S2324E501462-27

RDC 99

Criminal
Docketing

**Clerk of Court** US District Court
Southern District of New York
**500 Pearl Street**
New York, NY 10007

U.S.M.
SDNY

RECEIVED
MAR - 9 2026
S.D.N.Y.

RECEIVED
MAR - 9 2026
CLERK'S OFFICE
S.D.N.Y.

10007-133099